**In re the Matter of Lucille JACKSON, Debtor–Appellee,**

**v.**

**MIDWEST PARTNERSHIP, Appellant.**

**No. 94 C 3180.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 7, 1994.

Arthur Weil Friedman, Lisa M. Ramsden, Miller, Shakman, Hamilton, Kurtzon & Shlifke, Chicago, IL, for appellant.

Marshall Aaron Levin, Law Offices of Marshall A. Levin, Chicago, IL, for debtor/appellee.

### MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

When a debtor seeks the protection of the bankruptcy court, an automatic stay stops creditors and claimants in their tracks. Acts of creditors to obtain control over the bankrupt's property or to perfect and enforce liens are forbidden. 11 U.S.C.A. § 362a(3), (4). Lucille Jackson filed for bankruptcy protection on January 24, 1992. Nearly three years before, Midwest had acquired a "certificate of purchase" (35 ILCS 205/248) at the State of Illinois delinquent tax sale of debtor's real estate. That certificate entitled Midwest to obtain a tax deed after the debtor's redemption period expired. The question presented by this appeal is whether a certificate of purchase acquired before the bankruptcy petition may be converted into a tax deed through a state court proceeding after the redemption period has expired, but while the automatic stay of the bankruptcy court is still in force. We conclude that the holder of the certificate may do so and reverse the holding of the bankruptcy court to the contrary.

### Facts and Earlier Proceedings

The bankrupt Lucille Jackson owned a residence and failed to pay her 1987 real estate taxes due in 1988. On January 24, 1989, Midwest Partnership ("Midwest") obtained a certificate of purchase from the State of Illinois at its annual tax sale. Under Illinois law, Jackson had two and one-half years to redeem that certificate by paying the back due taxes, interest penalties, and costs to the holder of the certificate. Midwest, however, as it is allowed to do under 35 ILCS 205/263, extended that redemption period an additional six months under its own corporate policy. Thus, Jackson had until January 24, 1992, to redeem the certificate of purchase. She did not do so. Rather, on January 24, 1992 (her last day to redeem), she filed for bankruptcy protection under Chapter 13 of the bankruptcy code, 11 U.S.C. § 1301 et seq. Her residence was listed as an asset of her estate. Jackson's filing of her bankruptcy petition extended her redemption period for sixty days. 11 U.S.C. § 108(b). In re Tynan, 773 F.2d 177, 179 (7th Cir.1985). On March 23, 1992, one day before the end of the extended redemption period, Midwest petitioned the Circuit Court of Cook County for a tax deed. See 35 ILCS 205/266. The court issued the tax deed to Midwest on April 8, 1992. Midwest promptly recorded its deed. Approximately one year later (April of 1993), the debtor filed an emergency motion before the bankruptcy court to enforce the automatic stay and void the tax deed.

Bankruptcy Judge Ginsberg found that by obtaining a tax deed during the pendency of the bankruptcy, Midwest violated the automatic stay because a tax deed "perfects or enforces a lien" against property of the debtor, 173 B.R. 637. As such, the tax deed was void ab initio. Further, because Midwest was required to obtain a proper tax deed within one year after the redemption period expired (and with its only tax deed declared void), the certificate itself was null and void, and Midwest had lost any interest in the property. Thus, Midwest finds itself without its tax deed or its certificate of purchase.[1] Midwest appeals.

### Discussion

■ A solution to this problem requires a determination of the nature of the certificate

---

1. Midwest may recover its purchase price for the certificate from the county collector. 35 ILCS 205/260.

of purchase, which Midwest owned for nearly three years before the Jackson bankruptcy. If it was a lien, then Midwest's petitioning and obtaining a tax deed during the pendency of the bankruptcy could be construed as a violation of the automatic stay. On the other hand, if the certificate was an interest in property and the tax deed perfected that interest, section 362(b) provides that the automatic stay does not apply, if state law permits the perfection against the interest of the debtor.[2] For the reasons discussed below, we hold that under Illinois law the certificate is an interest in the property of the estate and not a lien. That interest can be perfected under Illinois law against the debtor, and, accordingly, Midwest was not barred from obtaining a tax deed during the pendency of the bankruptcy proceedings.

The certificate of purchase is a peculiar breed of cat. It is acquired by the highest bidder at the tax sale after the state has acquired an *in rem* judgment against the real estate. 35 ILCS 205/235. After the tax sale, the state's lien against the property is extinguished. Thus, it might be tempting to conclude that a tax sale does no more than transfer the state's tax lien to a purchaser for value. This was essentially the analysis of the bankruptcy judge who concluded that the certificate evidenced a valid lien against the property, relying on *McKeever v. McClandon,* 132 B.R. 996, 1006 (Bankr. N.D.Ill.1991); *citing City of Chicago v. City Realty Exchange,* 127 Ill.App.2d 185, 262 N.E.2d 230 (1st Dist.1970).

■ But a certificate of purchase is more than a lien. It represents the purchase of an *in rem* judgment, which, under state law, grants a contingent right to title to the real estate itself. Under Illinois law, the certificate of purchase represents an absolute right to receive title to the property if redemption is not made within the statutory period. *Howell v. Edelen,* 66 Ill.App.3d 437, 23 Ill.

Dec. 197, 383 N.E.2d 1224 (1st Dist.1978) (holding that a certificate of purchase transfers a vested contractual right in the real estate subject to redemption). *Wiebrecht v. City of Chicago,* 14 Ill.App.3d 1062, 304 N.E.2d 9 (1st Dist.1973). Indeed, even the *City Exchange* decision *supra* relied upon by Judge Ginsberg, which referred to the certificate as a lien, went on to hold that the certificate of purchase ripens into merchantable title.

A holder of a certificate has more rights than a mere lien holder. As mentioned above, a certificate holder may obtain title to the entire property after the redemption period expires, while a lien holder's interest is limited to perfection solely in the amount of the debt that created the lien. The certificate holder may enjoin waste on the property. 35 ILCS 205/253(a). We know of no Illinois rule permitting a lien holder to do so. Further, a holder of a lien is generally a preferred creditor of the estate, while a holder of a certificate of purchase is not. Midwest had no right to compel redemption. Midwest's only remedy was to obtain a tax deed. Thus, Midwest's interest is not that of a creditor. *See In re Wells Properties, Inc.,* 102 B.R. 685 (Bankr.N.D.Ill.1989) (holding that the certificate of purchase is not a claim because it does not represent a "right to payment").

These Illinois decisions strongly suggest that a certificate of purchase represents an executory interest in the real estate. An executory interest is defined as a future interest by virtue of which, upon the occurrence of a stated event, the present estate is to be divested, before the normal expiration thereof in favor of an interest in another. Restatement of Property §§ 25(1), 158(1) (1936). The certificate conveyed to Midwest the right to a tax deed if no redemption was made during the statutory period.

---

**2.** Section 362(b) of the Bankruptcy Act provides:

The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title.

Said § 546(b) states in pertinent part:
The rights and powers of a trustee ... are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection

11 U.S.C. §§ 362(b), 546(b).

Thus, we conclude the certificate of purchase held by Midwest while it may encumber the property, also represents a future interest to the property itself. As such, the certificate may be converted to a tax deed in the face of the automatic stay under section 362(b) of the bankruptcy code as a perfection of an interest in property because the debtor's rights (and the trustee's as well) to the property were subject to that perfection under sections 362(b) and 546(b) of the bankruptcy code.

There is another way to examine this problem. Many courts, without the above analysis, have simply held that when a tax sale is conducted under Illinois law before the bankruptcy petition is filed, the automatic stay does not apply, and the tax purchaser may take subsequent actions to obtain a tax deed.[3] Several district courts have so held. *In re Patricia Richardson, Patricia Richardson v. Stanley T. Kusper, Jr., Atlantic Municipal Corp. and LaFarge Corp.*, No. 83 C 2654, slip op. (N.D.Ill. Jan. 6, 1984); *In re Phoenix Bond and Indemnity Co. v. Guice*, No. 85 C 1382, slip op. (N.D.Ill. Sept. 27, 1985). *Tabor Enter., Inc. v. People of the State of Illinois*, 65 B.R. 42 (N.D.Ohio 1986). These courts noted that at the time of the bankruptcy filing, the bankruptcy code extends redemption periods for a minimum of sixty days. Where the redemption period expires, nothing remained to be done except obtain a tax deed. Such an act was not regarded as the type of act that perfects a lien. We agree with this position for the reasons already discussed.

■ But we can also view the problem from the estate's position. When the redemption period expires, the bankrupt's estate ceases to have any interest in the real estate. Before that time, the trustee had title and right to possession, subject to divestment if he allows the redemption period to end without action. When the redemption expires, the estate has no remaining interest in the real estate, and there is nothing for the automatic stay to enjoin. *See McKeever v. McClandon*, 132 B.R. 996 (Bankr.N.D.Ill. 1991).[4]

While the Seventh Circuit has not directly addressed this issue, we believe its opinion in *In re Tynan, supra*, is instructive. There, the court considered the effect of the automatic stay on a foreclosure action where judgment had been obtained before the bankruptcy filing, but still had a remaining redemption period after the filing. After concluding the trustee had an additional sixty days to redeem, the court found that once the redemption period had expired, any interest of the debtor and his estate ended, and there was no interest to the property remaining in the estate. Here, too, at the expiration of the sixty-day redemption period, the estate's interest in the property was over. All that remained was the certificate holder to petition the state court for a deed. Thus, whether we treat the certificate holder as a holder of an interest in the bankrupt's property under section 362(b) or the bankrupt's estate as having lost any interest to the property after the redemption period expires, Midwest had the right to obtain a tax deed after the redemption period ended without violating the automatic stay. Thus, while our peculiar cat may not have a name, at least we know some of her idiosyncracies.

■ One problem remains. As noted earlier, Midwest did not quite wait until the end of the redemption period. As extended by section 108(b), that period expired on March 24, 1992. Midwest went to state court on March 23, 1992, and asked for issuance of a tax deed. Judge Ginsburg felt this conduct to be a clear violation of state law. We are not so sure. 35 ILCS 205/266 permits the owner of the certificate of purchase to file a

---

3. At least one bankruptcy court has held that when the tax sale is conducted *after* the bankruptcy petition, the automatic stay prohibits subsequent actions to obtain a tax deed. *In re Garcia*, 109 B.R. 335 (N.D.Ill.1989). This case is clearly distinguishable because it is clear under Illinois law that the state is acting to enforce *its* lien. 35 ILCS 205/235. This the state may not do after the bankruptcy petition is filed.

4. We recognize that unlike the foreclosure situation, the bankruptcy estate still arguably holds an interest. Although the redemption rights are extinguished, the estate would retain the property in the unlikely event that the certificate holder failed to obtain a tax deed within one year after the end of the redemption period. 35 ILCS 205/271.

160

petition for a tax deed at any time within five months prior to the time of redemption. Notice must be given to the owner. Although not a part of the record, counsel for the debtor conceded at oral argument that such notice was given. The state court then must issue a tax deed after the period of redemption has run. This is precisely what happened here. The petition was filed and/or heard on March 23. The tax deed was issued on April 8, 1992, some fifteen days after the period of redemption had expired. We see no violation of state law.

The decision of the bankruptcy court is reversed. The Court finds Midwest has acquired title to the real estate and that all rights of the trustee and his estate have been extinguished. The matter is remanded for further proceedings consistent with this ruling.