**In re Dennis L. & Roline M. MILNE, Debtors.**

**Bankruptcy No. 94 B 51690.**

United States Bankruptcy Court, N.D. Illinois, Western Division.

Feb. 3, 1995.

---

William L. Balsley, Loves Park, IL, for Dennis L. and Roline M. Milne.

G. Michael Scheurich, Rockford, IL, for Dean L. Johnson.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court on January 18, 1995, on the Motion of Dean L. Johnson ("Johnson") to Modify Stay. The Debtors, Dennis L. and Roline M. Milne are represented by Attorney William L. Balsley. Johnson is represented by Attorney G. Michael Scheurich.[1]

## FACTS

There is no dispute as to the facts of the case. The Debtors failed to pay their 1990 real estate taxes. In October of 1991, Johnson purchased a Certificate of Sale based on the delinquency of the 1990 real estate taxes.[2] The principal sum paid by Johnson was $1,196.69. If the taxes are not timely redeemed, pursuant to Illinois law, Johnson will be able to obtain a tax deed for the Debtors' residence. The redemption period expired on October 29, 1994. The Debtors filed their Chapter 13 petition on September 14, 1994. Johnson, as a tax purchaser, has until October 29, 1995, to acquire the tax deed on the property. The October 29, 1995, deadline is absolute, and if not met, the Certificate of Sale becomes void.

## ISSUE

The issue is whether the stay should be modified to permit Johnson to file a petition for a tax deed.

## DISCUSSION

Before addressing the issue of modification of the stay, the question of whether Johnson is a creditor merits discussion.

Section 101(10) of the Bankruptcy Code ("Code") defines creditor as an "entity that

---

1. Although the parties were represented by counsel, the cases cited in this Memorandum Opinion are the product of the Court's own research.

2. For an excellent discussion of the Illinois tax sale procedure see *In re McKeever,* 132 B.R. 996, 1005–08 (Bankr.N.D.Ill.1991).

has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor ..." *See* 11 U.S.C. § 101(10). A "claim" includes the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, ...". *See* 11 U.S.C. § 101(5). *See also, Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991). A "lien" is defined as a "charge against or interest in property to secure payment of a debt. ..." *See* 11 U.S.C. § 101(37).

■ The Illinois courts have construed a Certificate of Sale "as a species of personal property which is readily transferable by endorsement and which evidences a valid lien against the property." *In re Jackson*, 173 B.R. 637, 641 (Bankr.N.D.Ill.1994) [citations omitted].[3] The characterization of a Certificate of Sale as a lien, combined with the Code's definition of claim, leaves no doubt that the tax purchaser, Johnson, is in fact a creditor in bankruptcy.

\* \* \* \* \* \*

The automatic stay of Section 362 of the Bankruptcy Code has been described as:

> one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*In re Garcia*, 109 B.R. 335, 337 n. 3 (N.D.Ill. 1989) (citing 1978 U.S.C.C.A.N. 6296–97).

A stay can be modified for cause pursuant to Section 362(d)(1). 11 U.S.C. § 362(d)(1). Courts determine whether cause exists on a case-by-case basis. *See Manhattan King David Restaurant Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y.1993); *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D.Del.1993) (concluding there is no rigid test for determining whether sufficient cause exists to modify the automatic stay); *In re Kelly*, 125 B.R. 301 (Bankr.D.Kan.1991).

In the present case, Johnson requests the Court modify the automatic stay so he can file his petition for a tax deed. Based on the number of courts finding tax sales conducted after the filing of a bankruptcy petition are in violation of the automatic stay, Johnson was prudent to bring this Motion before the Court. *See e.g.; In re Shamblin*, 890 F.2d 123, 125 (9th Cir.1989); *Garcia*, 109 B.R. at 337; *Richard v. City of Chicago*, 80 B.R. 451, 453 (N.D.Ill.1987); *Jackson*, 173 B.R. at 641; *In re Wells Properties, Inc.*, 102 B.R. 685, 691 n. 3 (Bankr.N.D.Ill.1989); *In re Greer*, 89 B.R. 757, 759 (Bankr.S.D.Ill.1988); *In re Young*, 14 B.R. 809, 811 (Bankr.N.D.Ill.1981).

The Seventh Circuit has established that Section 362 does not toll the running of a state law redemption period. *In re Tynan*, 773 F.2d 177, 179–80 (7th Cir.1985). One court has applied the *Tynan* holding as stating "the expiration of the Illinois redemption period, which extinguished [the debtor's] interest in the property is not the type of affirmative act proscribed by § 362(a). Indeed, the expiration of the redemption period results directly from the debtor's *failure* to act." *Wells*, 102 B.R. at 691 (citing *Tabor Enterprises, Inc. v. People of the State of Illinois*, 65 B.R. 42 (N.D.Ohio 1986)).

■ Section 108(b) of the Code provides the only remedy for a debtor confronted with the expiration of a redemption period. Section 108(b) provides:

> (b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—(1) the

---

**3.** The *Jackson* court categorized a Certificate of Sale as a "chose in action" which is arguably akin to an "inchoate lien" against the property in question. *Id.* The court also noted the issuance of a Certificate of Purchase was merely a transfer of the tax collector's claim against the property to the tax purchaser. *Id.*

end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.

11 U.S.C. § 108(b). The Seventh Circuit has held that "when a petition in bankruptcy is filed before the expiration of the applicable state redemption period, § 108(b) extends the redemption period for at least 60 days from the commencement of the bankruptcy proceeding." *Tynan*, 773 F.2d at 179. If a debtor fails to redeem within this extension period, the debtor will lose the right to retain the property. *See In re Rudolph*, 166 B.R. 440, 444 (D. Oregon 1994) (holding that Section 108 is the only extension of time available to debtors in a scenario involving a tax foreclosure sale); *Wells*, 102 B.R. at 691.

 In the present case, the Debtors filed their Chapter 13 petition on September 14, 1994. Pursuant to Illinois law, the redemption period was to expire on October 29, 1994. Applying Section 108(b) extends the redemption period to November 14, 1994.[4] Since the last date for redemption has passed, and the Debtors failed to redeem, the stay should be modified to permit Johnson to obtain a tax deed.[5]

The Court concludes that Johnson's Motion to Modify Stay should be granted.

---

4. The sixty days ends on November 13, 1994, but in accordance with Illinois law the expiration date actually falls on November 14, 1994. Illinois law states:

The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded.
5 ILCS 70/1.11 (1991).

5. During the hearing, Debtor's counsel did offer to modify the plan to pay the price of redemption by October of 1995. Authority exists to prohibit confirmation of a plan that extends the redemption period beyond what is permitted by state law and Section 108(b). *See Rudolph*, 166 B.R. 440. The Court agrees with that prohibition.