In re Dennis L. MILNE and Roline M. Milne, Debtors.

Dennis L. MILNE and Roline M. Milne, Appellants,

v.

Dean L. JOHNSON, Appellee.

Nos. 94 B 51690, 95 C 50104.

United States District Court, N.D. Illinois, Western Division.

Aug. 3, 1995.

---

*MEMORANDUM OPINION AND ORDER*

REINHARD, District Judge.

Appellants Dennis L. Milne and Roline M. Milne, debtors in the underlying chapter 13 bankruptcy case, appeal the February 3, 1995 order of the bankruptcy judge, 185 B.R. 277, granting appellee Dean L. Johnson relief from the automatic stay to acquire a tax deed on appellants' residence.

As the bankruptcy court recognized and the parties acknowledge, the facts of this case are not in dispute. Appellants failed to pay the 1990 real estate taxes on their residence, located at 4275 Shorewood Drive, in Rockford, Illinois. Winnebago county sought and obtained a state court order of sale against the property. In accordance with Illinois law, *see In re McKeever,* 132 B.R. 996, 1005–08 (Bankr.N.D.Ill.1991) (delineating Illinois tax delinquency process), the tax delinquency was offered for sale in October of 1991.

Appellee purchased the delinquency for $1,196.69, as the lowest bidder at the tax sale,[1] receiving as a result a "Certificate of Purchase." Once such a certificate has been sold, the owner of the property for which the taxes are delinquent is no longer personally liable and the local government unit's tax lien is extinguished, as the tax delinquency has been paid. *McKeever,* 132 B.R. at 1006. Instead, the owner of the property has a set period in which to redeem. *Id.* After the expiration of the redemption period, the holder of the certificate of purchase has one year to obtain a tax deed for the property; if a tax deed is not obtained within one year, the certificate of purchase becomes void. *Id.*

The original redemption period under which appellants could have redeemed would have expired on October 29, 1993. Appellee, however, extended the redemption period, as was his right under Illinois law, *see* 35 ILCS 205/263, until October 29, 1994. As required under Illinois law to receive a tax deed, appellee on July 18, 1994 filed his petition asking the state court to order the county

William L. Balsley, [NTC] Loves Park, IL, for appellants.

Gregory M. Scheurich, [NTC] Guyer & Enichen, Rockford, IL, for appellee.

---

1. The bid includes the amount of delinquency plus a penalty to be paid by the owners if they redeem. *See McKeever,* 132 B.R. at 1006. The lowest bid is chosen in order that the owner will be able to redeem with lowest possible penalty. *Id.*

clerk to issue him a tax deed. *See* 35 ILCS 205/266 (petition must be filed within five months prior to end of redemption period). Then, on September 14, 1994, appellants filed a voluntary chapter 13 bankruptcy petition. On November 2, 1994, appellee moved for relief from the automatic stay in order to seek a tax deed. On February 3, 1995, the bankruptcy court issued the order which is the subject of this appeal, modifying the stay to permit appellee to obtain the tax deed.

Appellants seize upon a current dispute in this district relating to the nature of a certificate of purchase to argue that modification of the automatic stay was improper. According to Judge Plunkett in *In re Jackson*, 176 B.R. 156, 159 (N.D.Ill.1994), "a certificate of purchase is more than a lien." Indeed, "[i]t represents the purchase of an *in rem* judgment [and] an absolute right to receive title to the property if redemption is not made within the statutory period." 176 B.R. at 159 (citing, *inter alia*, *Howell v. Edelen*, 66 Ill. App.3d 437, 23 Ill.Dec. 197, 383 N.E.2d 1224 (1st Dist.1978) (certificate transfers to purchaser a vested contractual right to purchase subject to redemption)). Therefore,

> [w]hen the redemption period expires, the bankrupt's estate ceases to have any interest in the real estate. Before that time, the trustee had title and right to possession, subject to divestment if he allows the redemption period to end without action. When the redemption period expires, the estate has no remaining interest in the real estate, and there is nothing for the automatic stay to enjoin.

*Id.*[2]

Noting that the Seventh Circuit had not directly addressed treatment of the Illinois certificate of purchase in bankruptcy, the *Jackson* court found precedent in an analogous issue addressed by the appellate court in *In re Tynan*, 773 F.2d 177, 179 (7th Cir. 1985): the effect of the automatic stay in a foreclosure action when filing of the bankruptcy petition occurred after judgment but before expiration of the redemption period. The Seventh Circuit held that as the debtor no longer retained any interest in the property after the expiration of the redemption period (and the additional 60 days provided under 11 U.S.C. § 108(b)), all that remained was for the certificate holder to petition the state court to obtain a deed, which the automatic stay did not prevent from occurring. *Jackson*, 176 B.R. at 159; *Tynan*, 773 F.2d at 179–80.

The contrary position in this dispute has been taken by Judge Ginsberg.[3] According to Judge Ginsberg in *QF Finance v. National Indem. Corp. (In re QF Finance )*, Bankr. No. 92 B 9426, Adv. No. 93 A 1354, slip. op. (Bankr.N.D.Ill. Feb. 1, 1995), a certificate of purchase is a lien, not an ownership interest in the property, *see* slip op. at 5. In the tax sale process, the transfer of ownership from property owner to certificate of purchase holder does not occur until expiration of the redemption period. *Id.* at 6. The *QF Finance* court disagreed with the *Jackson* court's reasoning that a certificate of title would "ripen" into title and thus represents an ownership interest in the property. Noting that any other lien can "ripen" into ownership interest through a foreclosure sale, the *QF Finance* court held that the holder of a certificate of purchase does not possess an

---

**2.** The *Jackson* court thus recognized that there is one situation in which the "owner" of the property who has not redeemed a certificate of purchase may still end up with ownership of the property despite the expiration of redemption rights. Under 35 ILCS 205/271, if the holder of the certificate of purchase were to fail to obtain a tax deed within one year of the end of the redemption period, then the certificate of purchase would, according to words of the statute, "be absolutely null and void with no right to reimbursement" and the owner would retain the property. *See* 176 B.R. at 159 n. 4.

**3.** Judge Ginsberg made the decision in *Jackson*, *see In re Jackson*, 173 B.R. 637 (N.D.Ill.1994),

later reversed by Judge Plunkett, *see Jackson*, 176 B.R. at 157–60. Reasoning that in a district with multiple district judges the decision of a particular district judge in an appeal from a bankruptcy judge becomes the law of the case but does not bind the bankruptcy judge in future cases unless a majority of the district judges in the district and division have so held, Judge Ginsberg reasserted his contrary position in a following case, *see QF Finance v. National Indem. Corp. (In re QF Finance )*, Bankr. No. 92 B 9426, Adv. No. 93 A 1354, slip. op. at 3–4 (Bankr.N.D.Ill. Feb. 1, 1995) (ruling on a motion to reconsider based upon Judge Plunkett's opinion in *Jackson* ).

ownership interest in the property. *See* slip op. at 8.

While the dispute between Judge Plunkett and Judge Ginsberg relates to the nature of a certificate of title, the precise issue addressed in those cases is one not presented here: namely, whether the obtaining of a tax deed by the holder of a certificate of purchase after expiration of the redemption period when a bankruptcy petition has been filed after the tax sale is an act in violation of the automatic stay. Appellants avoided that issue in the present case by instead moving for modification of the automatic stay based upon the expiration of the redemption period. *See* Memorandum Opinion of February 3, 1995, 185 B.R. at 279 (commending appellant for being prudent in moving the court to modify the stay). Thus, the issue here is simply whether granting modification of the automatic stay to allow appellee to obtain a tax deed to the property was error.

■■■ As recognized by the bankruptcy court, the automatic stay provided by section 362 is "one of the fundamental protections provided by the bankruptcy laws." Memorandum Opinion of February 3, 1995, 185 B.R. at 279 (citing *In re Garcia,* 109 B.R. 335, 337 (N.D.Ill.1989)). The protection of the stay is not absolute, however. Under section 362, it may be modified for several reasons, including, under 362(d)(1), for cause. The only express definition of cause in section 362(d)(1) is the single illustrative example that it includes lack of adequate protection of a creditor's interest. *See* Robert E. Ginsberg & Robert D. Martin, 1 Bankruptcy: Text, Statutes, Rules § 3.05[b], at 3–56 (3d ed. Supp.1994) (hereinafter "Ginsberg") ("[T]he use of the word including in the statute is exemplary rather than exhaustive."). What constitutes cause under section 362(d)(1) other than lack of adequate protection has been developed on a case-by-case basis. *See* Ginsberg, § 3.05[f], at 3–69; *Manhattan King David Restaurant, Inc. v. Levine,* 163 B.R. 36, 40 (S.D.N.Y.1993). Fac-

tors generally looked to in determining whether to modify the stay for cause include interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay. *See* Ginsberg, § 3.05[f], at 3–69 & 3–70; *Manhattan King David Restaurant,* 163 B.R. at 40. The decision of whether to lift the stay for cause under section 362(d)(1) is committed to the sound discretion of the bankruptcy court and is reviewed by this court only for an abuse of discretion. *See In re C & S Grain Co.,* 47 F.3d 233, 238 (7th Cir.1995) (citing *In re Boomgarden,* 780 F.2d 657, 660 (7th Cir. 1985)); *Manhattan King David Restaurant,* 163 B.R. at 40.

In its February 3, 1995 memorandum opinion in the present case, the bankruptcy court found the situation here to be analogous to that addressed by the Seventh Circuit in *Tynan,* where the expiration of a state law redemption period was not tolled by the automatic stay provided in 11 U.S.C. § 362. According to the bankruptcy court, if filing for bankruptcy is to provide relief to a tax delinquent whose property has already been sold and a certificate of sale issued, that relief comes in the form of the sixty-day extension of such deadlines found in 11 U.S.C. § 108(b), just as the Seventh Circuit in *Tynan* held for the owner whose property has been sold after a foreclosure, *see* 773 F.2d at 179. Thus, the bankruptcy court granted appellant's motion to modify the stay.[4]

■■■ Such a decision was not an abuse of discretion. As Judge Ginsberg stated, "the nature of a certificate of purchase in an Illinois tax sale in the bankruptcy context, is [an issue] about which reasonable people can differ."[5] *QF Finance,* slip op. at 4. Further, the issue before the bankruptcy court was not the nature of the certificate of pur-

---

4. The bankruptcy court's modification was for cause but was not based upon inadequate protection. *See* Transcript of Proceedings, March 3, 1995 at 13–14 (hearing on motion for reconsideration; rejecting application of adequate protection analysis).

5. Or, as Judge Plunkett put it, "The certificate of purchase is a peculiar breed of cat." *Jackson,* 176 B.R. at 158.

chase but the appropriateness under section 362(d)(1), in a bankruptcy filed after the tax sale, of relief from the stay in order to allow the holder of a certificate of purchase to obtain a tax deed after the expiration of the redemption period (and the section 108(b) extension). Regardless of whether *Jackson* or *QF Finance* provides the proper conceptualization, relief for cause from the automatic stay was proper.

▮▮▮ Appellants urge the court to analogize the tax sale process to foreclosure, assuming that under such an analogy the equivalent moment to the situation here is the mortgage foreclosure process prior to the foreclosure sale. This is the proper analogy, but the wrong moment. In the present case there has been a lien (the tax lien held by Winnebago county), but there has also already been a sale (the tax sale at which the certificate of title was sold to appellee), at which the lien was extinguished. As the Seventh Circuit held in *Tynan*, after the sale, the only interest appellants held in the property was the right of redemption,[6] and section 108(b) offers the only relief to be provided by bankruptcy. *See* 773 F.2d at 179; *see also Jackson*, 176 B.R. at 159. If the debtor allows the redemption period, as extended by section 108(b), to expire, then the debtor has no further rights in the property. *Tynan*, 773 F.2d at 179; *Jackson*, 176 B.R. at 159. The automatic stay was not intended by Congress to toll the running of a redemption period. *Tynan*, 773 F.2d at 179–80.

Even the *QF Finance* court admits that the transfer of ownership from property owner to the certificate of purchase holder occurs at the expiration of the redemption period. *See QF Finance*, slip. op. at 6 (listing cases recognizing "that the transfer of an interest in a real estate tax sale does not occur until the expiration of the redemption period."). Further, *QF Finance*'s own em-

ployment of the foreclosure analogy, in rejecting the *Jackson* court's "ripening" analysis, supports this conclusion. The *QF Finance* court recognized that, "Of course, any type of lien 'ripens' into title as a result of the enforcement of the lien through foreclosure or otherwise; it is not unusual for the lien holder to be the successful bidder at the judicial sale." Slip Op. at 7. Where the tax sale has occurred and the successful bidder now possesses a certificate of purchase, then, the lien has "ripened." This is what has happened in the present case.

As to the various "for cause" factors, the relative interests and hardships of the owners and the certificate holder weigh in favor of granting modification of the stay. First, as outlined above, once the redemption period expired, appellee possessed a full expectation of ownership of the property but appellants had no further right to the property (barring failure of appellee to obtain the tax deed). Second, the owners have already been provided all the relief to which they are entitled by bankruptcy, which is any delay section 108(b) would offer.[7] *See Tynan*, 773 F.2d at 179–80. The holder of the certificate of purchase, on the other hand, faces great harm. If the tax deed is not acquired within one year, then the certificate of purchase would, according to words of the statute, "be absolutely null and void with no right to reimbursement." *See* 35 ILCS 205/271. Further, while the holder of the certificate may still have the option of availing himself of the Illinois' "Sale in Error" procedure, *see* 35 ILCS 205/260,[8] which would return most of his out-of-pocket expenses, *see* 35 ILCS 205/260.1, there is no way to return his opportunity costs. Thus, when the certificate holder's strong interest in the property along with the potential for great harm and the loss of opportunity costs are weighed against

---

6. And the possibility that the holder of the certificate might not, for some reason, obtain a tax deed within one year after expiration of the redemption period.

7. Section 108(b) provides that no period to cure a default or perform any other similar act may expire until 60 days from the filing of the bankruptcy petition. The appellants' bankruptcy petition was filed on September 14, 1994.

8. The Illinois "Sale in Error" procedure allows the holder of a certificate of purchase to petition a state court to have the sale set aside, the certificate canceled, and the amount paid for the certificate refunded with interest and certain costs in the event a bankruptcy petition has been filed subsequent to the tax sale and prior to the issuance of a tax deed. *See* 35 ILCS 205/260.

the owner's negligible interest in the property along with having already obtained the protection afforded by bankruptcy, the balance tips in favor of granting modification of the stay.

There is another factor weighing in favor of modifying the stay: a strong public policy interest in permitting the holder of a certificate of purchase to obtain a tax deed. Just as in *Tynan,* where allowing the stay to toll the redemption period would "cloud every title secured through a foreclosure sale due to the possible filing of a voluntary petition in bankruptcy during the statutory redemption period," 773 F.2d at 179, allowing the same to happen in the tax deficiency context would seriously impede the tax sale process. The consequences would be measured in the decline of the marketability of certificates of sale and would be suffered upon local taxing bodies.

For these reasons, it was not an abuse of discretion for the bankruptcy judge to modify the stay to permit appellee to obtain a certificate of purchase. The February 3, 1995 decision of the bankruptcy judge is affirmed.