In re Mary L. BLUE, Debtor.

Mary L. Blue, Plaintiff,

v.

Town of Lake Building Corp., Defendant.

Bankruptcy No. 99 B 00634.
Adversary No. 99 A 00899.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 31, 2000.

Order denying motion to alter, amend or vacate March 29, 2000.

David Haracz, Legal Assistance Foundation, Chicago, IL, for Debtor.

Brian A. Burak, Evanston, IL, for Defendant.

Tom Vaughn, Chapter 13 Trustee, Chicago, IL, for Standing Trustee.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

The Debtor, Mary L. Blue, filed a complaint for declaratory and injunctive relief against Town of Lake Building Corp. ("Lake Building"), which had purchased the Debtor's delinquent taxes at a tax sale. The Debtor argues that Lake Building should be bound by the terms of her confirmed chapter 13 plan and enjoined from proceeding in the state court to obtain a tax deed to her house. Lake Building, however, argues that because the Debtor did not attempt to redeem the taxes until after the expiration of the redemption period, her interest in the property was terminated, and that it should not be bound by the confirmed plan. Lake Building also seeks to have the automatic stay modified so that it may proceed in state court to obtain a tax deed. For the reasons set forth below, the Court grants Lake Building's motion for summary judgment and to modify the automatic stay.

### FACTS

The Debtor owns a house in Chicago, subject to a mortgage held by the United States Department of Housing and Urban Development. HUD was to pay the taxes on the property from funds held in escrow, but failed to pay the 1994 special assessment and other tax debt. On April 10, 1996, Lake Building paid the delinquent special assessment owed on the property

for the 1994 tax year, at which time the Clerk of Cook County granted Lake Building a certificate of purchase, which became a lien on the property. On August 31, 1998, Lake Building filed its application for the issuance of a tax deed, and later gave notice to the Debtor that its lien had not been paid and that, unless it was paid by January 1, 1999, Lake Building would request the circuit court to order that Lake Building be granted a tax deed for the property.

The Debtor filed her chapter 13 petition on January 8, 1999, which, according to the parties was the last day of the Debtor's redemption period.[1] The filing of the petition, extended the redemption period an additional 60 days, until March 9 under § 108(b).[2] On March 10, the County received an overnight delivery from HUD of checks for $745.86 and $1,494.02. The County returned the checks on March 15, explaining that it was too late to redeem the 1994 taxes.

The Court confirmed the Debtor's chapter 13 plan on April 21, 1999. Although it received notice of the bankruptcy filing, Lake Building did not attend the meeting of creditors, nor did it object to the plan or file a proof of claim. After confirmation, the trustee sent Lake Building $2,677.33, the payment due under the plan, which Lake Building returned to the trustee.

The Debtor filed the complaint for declaratory and injunctive relief now before the Court. In it, the Debtor ask for a declaratory judgment that Lake Building is bound by the terms of the confirmed plan, and an injunction prohibiting Lake Building from proceeding in its attempt to obtain a tax deed in state court. She argues that, because Lake Building has not filed an appeal or motion to vacate the order of confirmation, it is bound by the plan. Therefore, the Debtor argues, Lake

Building must be ordered to surrender its certificate of purchase after payment is tendered to it by the trustee, and enjoined from taking any action contrary to the provisions of the plan.

Lake Building responded to the Debtor's complaint by filing a motion for summary judgment and to modify the automatic stay. Lake Building argues that, because the attempted redemption occurred after the redemption period expired, the Debtor's property interest was terminated. Thus, according to Lake Building, it is entitled to have the automatic stay modified, so that it may proceed in its state court case to obtain a tax deed, and it is not bound by the terms of the Debtor's confirmed plan. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (O).

## DISCUSSION

The Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the Debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." § 1327(a). The issue here, therefore, is whether Lake Building is a creditor of the Debtor. According to the Code, a creditor is an "entity that has a claim against the Debtor that arose at the time of or before the order for relief concerning the Debtor." § 101(10)(A).[3] A claim is defined at § 101(5) as:

(A) [a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

---

1. The parties did not indicate how they calculated the date the redemption period was to expire, but agree it was January 8th.

2. Unless otherwise indicated, all statutory section references are to the Bankruptcy Code, Title 11, U.S.Code.

3. Section 101(10)(B) and (C) contain additional definitions of "creditor" which are not relevant to the discussion here.

(B) [a] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured[.]

A creditor is therefore an entity that has a right to either an equitable remedy or to payment. Lake Building had no right to an equitable remedy against the Debtor and she breached no performance obligation due Lake Building. Therefore, the following discussion focuses on the "right to payment" prong of the definition.

Recently, the Illinois Supreme Court decided that a tax purchaser is not a creditor of the property owner *A.P. Properties, Inc. v. Goshinsky*, 186 Ill.2d 524, 239 Ill. Dec. 600, 714 N.E.2d 519 (1999). Although that case involved an issue under the Uniform Fraudulent Transfer Act ("UFTA"),[4] UFTA and the Bankruptcy Code have similar definitions of both *creditor* and *claim*.[5] Both statutes require that, to be a creditor, one must have a "right to payment" that it can recover from the debtor. Thus, a creditor is an entity that can show that the debtor owes or potentially owes a payment to it. *See A.P. Properties*, 239 Ill. Dec. 600, 714 N.E.2d at 522.

There is no such right to payment here. According to the Illinois Supreme Court, the Illinois Property Tax Code (35 ILCS 200/1–1 et seq. (West 1996)) precludes any debtor/creditor relationship between the landowner and the purchaser of delinquent taxes. As in *A.P. Properties*, there are no facts here that exist or could exist that would require the Debtor to pay money to Lake Building. *See A.P. Properties*, 239 Ill.Dec. 600, 714 N.E.2d at 522. Un-

der the Tax Code, after the certificate of purchase is issued, the landowner remains liable for the taxes and the county may institute a civil action against the owner. 35 ILCS 200/21–440 (West 1996). Before the redemption period expires, the landowner may redeem by submitting the correct amount of money to the county. 35 ILCS 200/21–355 (West 1996). If the landowner does not redeem, the county collector issues a tax deed to the purchaser. 35 ILCS 200/22–40 (West 1996). If the landowner does redeem, the county releases the purchaser's claim on the property by returning to the purchaser the amount it paid. 35 ILCS 200/21–390 (West 1996). There is no scenario under which the tax purchaser could have a right to receive a payment from the property owner.

There is, therefore, no debtor/creditor relationship between the Debtor and Lake Building, because Lake Building has no right to payment from the Debtor. As construed by the Illinois Supreme Court, the Illinois Property Tax Code establishes a debtor/creditor relationship between the tax purchaser and the county (*see, e.g.*, 35 ILCS 200/21–240 (West 1996)) and a debtor/creditor relationship between the county and the landowner (*see, e.g.*, 35 ILCS 200/21–440 (West 1996)). *A.P. Properties*, 239 Ill.Dec. 600, 714 N.E.2d at 522. The Tax Code does not, however, establish a debtor/creditor relationship between the landowner and the tax purchaser. In fact, the Code makes clear that no such relationship exists. *See Id.* Because Lake Building is not a creditor of the Debtor, it is not bound by the Debtor's confirmed

---

4. In *A.P. Properties*, A.P. Properties purchased delinquent taxes on property. After a petition for a tax deed was filed and before the redemption period expired, the property owner sold the property and the buyer redeemed the taxes the next day. A.P. Properties attempted to seek relief under UFTA, but, the court held that A.P. Properties, the tax purchaser, was not a creditor entitled to seek relief under UFTA. *A.P. Properties, Inc. v. Goshinsky*, 239 Ill.Dec. 600, 714 N.E.2d at 521–22.

5. The Illinois version of UFTA defines creditor as "a person who has a claim, including a claim for past due child support." 740 ILCS 16⅔(d) (West 1996). Claim is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 740 ILCS 16⅔(c) (West 1996).

chapter 13 plan. Therefore, Lake Building need not accept payment from the Debtor.

▇▇▇ The next issue to be determined is whether Lake Building may proceed in state court case No. 98 CoTD 2087 to obtain a tax deed. Lake Building has requested that the automatic stay be modified so that it may do so. The automatic stay may be modified for several reasons, including "for cause" under § 362(d)(1). According to that section, cause includes lack of adequate protection of a creditor's interest. Lack of adequate protection is not the only cause for modification of the automatic stay, however, and what constitutes cause other than lack of adequate protection has evolved on a case-by-case basis. *Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D.Ill.1995). In determining whether to modify the automatic stay for cause, courts generally consider factors such as interference with the bankruptcy, good or bad faith of the Debtor, injury to the Debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified and proportionality of the harms from modifying or continuing the stay. *Id.*

After weighing the factors here, this Court finds that the automatic stay should be modified for cause, pursuant to § 362(d)(1) so that Lake Building may proceed with its state court case. Lake Building, the tax purchaser, has a strong interest in the property and a colorable showing of a right to a deed. While the Debtor has exhibited no bad faith, she is not prejudiced by a modification of the stay because she has already received the benefit to which she was entitled under the Bankruptcy Code, namely the § 108(b) extension of the redemption period, and the tax deed issues must be resolved somewhere, given this Court's holding that Lake Building is not bound by the plan. The appropriate place for the resolution of the tax deed issues is in the state courts because the state courts, experts in the area of Illinois tax sale law, are better able to decide such state law questions than the bankruptcy courts.

Because compliance with the statutory requirements for obtaining a tax deed involves issues of state law, this Court will not address those issues, and has made no determination regarding whether Lake Building is entitled to a tax deed. The unresolved issues, including whether the Debtor's first payment was timely, are to be resolved by the state court. There, Lake Building, to obtain a tax deed, must still establish that it has complied with the statutory requirements and that it is in fact entitled to a tax deed.

## CONCLUSION

This Court finds that there is no genuine issue of material fact that Lake Building is not a creditor of the Debtor. The Court therefore concludes that Lake Building's motion for summary judgment will be granted. Lake Building's motion to modify the automatic stay is also granted. Appropriate Orders will be entered.

### *ORDER*

The motion of the defendant Town of Lake Building Corp. for summary judgment is granted. The plaintiff Mary L. Blue is denied all relief requested in her complaint, and judgment is entered in favor of the defendant.

### *ORDER*

The motion of Town Lake Building Corp. to modify the automatic stay is granted and the automatic stay is modified to permit the movant to proceed to final disposition in Case No. 98CoTD 2087, pending in the Circuit Court of Cook County, Illinois. Nothing in this order shall be deemed a determination of any issue that has been or may be raised in said case or the movant's entitlement to a tax deed under Illinois law.

### *ORDER ON MOTION TO ALTER OR AMEND*

This Court granted summary judgment in favor of Town of Lake Building Corp. ("Lake Building") and against Mary L.

Blue ("Debtor") by an order entered on January 31, 2000. In its opinion, *ante* 247 B.R. 748, the Court held that, because no debtor/creditor relationship existed between Lake Building and Debtor, Lake Building was not bound by Debtor's Chapter 13 plan. The Court also found cause to modify the automatic stay, thus allowing Lake Building to proceed with its state court case in which it seeks to obtain a tax deed for Debtor's residence. Debtor has challenged these rulings in a "Motion to Alter, Amend or Vacate Order Granting Defendant's Motion for Summary Judgment" pursuant to F.R.Civ.P. 59, made applicable by Fed.R.Bankr.P. 9023. This Court concludes that vacation, amendment or alteration of the original decision is not warranted because Lake Building has no "claim" against either the Debtor or the Debtor's property. Therefore, the Debtor's motion has been denied by separate order.

In her complaint, Debtor sought declaratory and injunctive relief against Lake Building, the purchaser of her delinquent taxes. She argued that Lake Building should be bound by the terms of her confirmed Chapter 13 plan and enjoined from proceeding in state court to obtain a tax deed. Lake Building, on the other hand, argued that it was not bound by the plan and that Debtor's interest in the property was terminated, and it sought relief from the automatic stay. This Court found that Lake Building was not a creditor of Debtor because it did ·not have a claim, as defined by 11 U.S.C. § 101(5), against Debtor. In her memorandum in support of the current motion, Debtor argues that, because "claim against the debtor" includes a claim against the property of the debtor, Lake Building has a claim against Debtor, because it has a claim against her property. Therefore, according to Debtor, Lake Building is her creditor.

 Debtor is correct that a "claim against the debtor" includes a claim against property of the debtor. 11 U.S.C. § 102(2). Debtor is also correct that the U.S. Supreme Court, in *Johnson v. Home State Bank,* held that a mortgagee had a claim against the Chapter 13 debtor, notwithstanding the discharge of the debtor's personal liability in a prior Chapter 7 case. *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). That opinion reasoned that the mortgage holder still retained a "right to payment" in the form of the right to proceeds from the sale of the debtor's property. *Id.* This "right to payment" could alternatively be viewed as a right to an equitable remedy for debtor's breach of the underlying mortgage obligation. *Id.*

The facts in *Johnson* differ greatly from the current scenario. Most importantly, *Johnson* ·involved a mortgage, not a tax sale. As the Supreme Court stated, "a mortgage is an interest in real property that *secures a creditor's right to repayment." Johnson,* 501 U.S. at 82, 111 S.Ct. 2150 (emphasis added). The creditor's right to payment was a claim even though the debtor had no personal liability for that payment. It was a claim against the property because the creditor had a right to require the involuntary liquidation of that property to satisfy the claim. As the Illinois Supreme Court has emphasized, however, a tax buyer has no right to payment and therefore there is no debtor/creditor relationship between the property owner and the tax purchaser. *A.P. Properties, Inc. v. Goshinsky,* 186 Ill.2d 524, 239 Ill.Dec. 600; 714 N.E.2d 519, 522 (Ill.1999).

 As Debtor points out, the *Johnson* opinion does discuss the bankruptcy code's expansive definition of "claim," and that a claim against the debtor includes a claim against. property of the debtor. Nevertheless, a claim against property of the debtor must still be a "claim" as defined by 11 U.S.C. § 101(5), which is either a "right to payment" or a "right to an equitable remedy for breach of performance." Here, there is neither, against Debtor or against her property. Lake Building has no right to payment because it cannot compel Debtor to pay it money.

Further, even if Lake Building's right to a deed to Debtor's house could be viewed as an equitable remedy, it would not be an "equitable remedy *for breach of performance.*" Debtor breached no performance due Lake Building and in fact never owed Lake Building performance of any obligation. Rather, the transfer of title would be the County's remedy for the Debtor's alleged failure to pay a claim—the taxes—owed to the County. Accordingly, Lake Building has no claim against the Debtor or her property.

Because this Court has concluded that its January 31 ruling was correct in its finding that Lake Building is not a creditor of Debtor, Debtor's motion will be denied. As stated in the January 31 opinion, Lake Building may proceed in state court to attempt to obtain a tax deed.