*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1986 AND PRIOR YEARS—TAX CERTIFICATE No. 8600983 (Omer Trolard, d/b/a Belle East Investments, Petitioner-Appellee, v. St. Clair County, Respondent-Appellant).

Fifth District No. 5—90—0826

Opinion filed October 16, 1991.

Barry D. Dix, of Kassly, Bone, Becker, Dix, Reagan & Young, P.C., of Belleville, for appellant.

Donald L. Smith, of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Petitioner purchased a tax sale certificate. The day before the redemption period expired, the expiration of which would enable petitioner to apply for a tax deed, three creditors filed an involuntary bankruptcy petition against Gateway Community Hospital, the owner of the property. Petitioner thereafter filed an application for sale in error (Ill. Rev. Stat. 1987, ch. 120, par. 741), and the circuit court granted that application and ordered petitioner's money returned.

Section 260 of the Illinois Revenue Act of 1939 (Act) provides in pertinent part:

"Whenever *it shall be made to appear to the satisfaction of the court* which ordered the property sold \*\*\* that prior to the issuance of the tax deed a voluntary or involuntary petition has been filed against the legal or beneficial owner of the real estate requesting relief \*\*\* the court which ordered the property sold shall declare such sale to be a sale in error \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 741.

Respondent asserts on appeal that petitioner failed to show sufficient proof that the debtor in the bankruptcy proceedings, Gateway Community Hospital, was the legal owner of the property purchased at the tax sale. Respondent claims that petitioner must show the identity of the legal owner by a preponderance of the evidence. We disagree.

The statute is clear: ownership need only be proven "to the satisfaction of the court." We are not free to disregard the clear wording of this statute, nor are we free to amend it by imposing standards of proof not required in the Act. The Act provides, in effect, that whatever satisfies the court is sufficient. We cannot, therefore, say that some legal technical proof, such as deeds or some document, official or otherwise, is needed. Our supreme court has indicated that we are to follow the clear wording of a statute. (*DeClerck v. Simpson* (1991), 143 Ill. 2d 489.) Therefore, the conclusion is inescapable. Whatever satisfies the court is all that is required. Here, the circuit court was satisfied or it would not have cancelled the sale, and after all, petitioner, without objection, testified that Gateway was the legal owner of the property and this testimony was uncontradicted. Respondent cites no case stating that ownership can be shown only by deeds or other official document. The circuit court is affirmed.

Affirmed.

RARICK, P.J., and HARRISON, J., concur.