In re LEWIS & COULTER,
INC., Debtor.

Richard S. FRANCE, Movant/Claimant,

v.

LEWIS & COULTER, INC., Respondent.

Bankruptcy No. 92–25297–BM.
Motion No. 93–1289M.

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 6, 1993.

Daniel R. Tobin, Tobin & Tobin, Pittsburgh, PA, for movant/claimant Richard S. France.

John D. Finnegan, Monroeville, PA, for respondent/debtor.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Richard S. France ("claimant"), a former employee of Lewis & Coulter, Inc. ("debtor"), requests payment of $2,499.99 in vacation pay as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A).

Debtor opposes the request. It insists that any vacation pay to which claimant may be entitled does not qualify as an administrative expense because it accrued prior to the filing of the bankruptcy petition.

For the reasons hereinafter set forth, the request for payment of vacation pay as an administrative request shall be granted.

### I

### FACTS

Claimant began working for debtor in May of 1985 and eventually became its vice president in May of 1992.

Debtor had a policy concerning vacation pay which was based on length of service. The policy was reflected in a written statement printed on debtor's letterhead. The statement, which was conspicuously posted in debtor's work place, provided in relevant part as follows:

Lewis & Coulter Company Policies

Effective Nov. 1, 1989

1. VACATION SCHEDULE

| After 1 year of service | 1 week vacation |
| After 2–7 years of service | 2 weeks vacation |
| After 7 years of service | 3 weeks vacation |

Vacation with pay for a particular year accrued as of January 1st of that year. Claimant became eligible for and took three weeks of paid vacation in 1992.

Debtor filed a voluntary chapter 11 petition on December 4, 1992 at Bankruptcy No. 92–25297–BM. Notice was issued by the clerk of this court when the petition was filed informing debtor that several specified schedules, statements, and other documents had not been submitted with the petition. The notice clearly stated that debtor's bankruptcy petition would be dismissed if the specified deficiencies were not cured by December 21, 1992.

An order dismissing the case was issued on December 22, 1992 because debtor had failed to cure the specified deficiencies by December 21, 1992. Notice of the dismissal was mailed to debtor and to its counsel that same day. The case docket also indicates that the case was marked as administratively closed by the clerk as an internal operating procedure of the clerk's office.

On December 23, 1992, debtor submitted all but one of the schedules or statements which had not been submitted when the petition was filed. The required statement of attorney still had not been submitted.

On January 6, 1993, debtor filed a motion entitled "Motion To Reinstate And Refile Petition And Waive Refiling Fee For Bankruptcy Under Chapter 11 Of The Code". Debtor blamed its failure to submit the required schedules and statements when due on the holiday season, the post office, inclement weather, and absenteeism of its personnel. Debtor also submitted at that time the required statement of its attorney and paid the refiling fee.

A hearing on debtor's motion was held on February 9, 1993. The motion was unopposed. Accordingly, an order was entered that day which simply stated "Case Reopened".

Claimant resigned from his employment with debtor on April 15, 1993 without taking any vacation with pay to which he was entitled for 1993.

On July 7, 1993, claimant filed a request, which is before the court at this time, for payment of vacation pay in the amount of $2,499.99 as an administrative expense. Debtor formally objected to the request on August 5, 1993.

A hearing was held on the request and on debtor's objection thereto on September

13, 1993. Both sides were given an opportunity to present evidence on the matter.

## II

## ANALYSIS

Claimant's request for payment of vacation pay as an administrative expense is predicated on 11 U.S.C. § 503(b)(1)(A), which provides as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> > (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement ...

■ A claim is entitled to administrative priority status only if it comports with the language and the underlying purpose of section 503. *See In re Jartran, Inc.,* 732 F.2d 584, 586 (7th Cir.1984). The terms "actual" and "necessary" must be strictly construed. *See In re Neidig,* 117 B.R. 625, 631 (Bankr.D.Colo.1990).

An expense is entitled to administrative priority only if:

(1) it arises from a transaction with the debtor-in-possession (or trustee); and

(2) the transaction benefitted the estate *post*-petition.

*See In re Jartran,* 732 F.2d at 589.

■ Vacation with pay may qualify as an administrative expense in that it constitutes an "additional wage". *See In re Public Ledger, Inc.,* 161 F.2d 762, 768 (3d Cir.1947). Whether it so qualifies depends on whether vacation with pay was earned prior to or subsequent to the filing of the bankruptcy petition:

> It follows with perfect logic that the vacation pay so earned *before* the trustee took charge *does not* constitute wages as administrative expenses, because the service was not given during the reorganiza-

tion period, and it follows logically that vacation pay earned *during* the trustee's management *does* constitute administrative expense, and is within the priority such status entitles it to enjoy. (Emphasis added.)

*Public Ledger,* 161 F.2d at 768–69.[1]

The parties disagree as to whether claimant's request for vacation pay qualifies as an administrative expense. Claimant asserts that it was earned *post*-petition and therefore so qualifies. Debtor asserts that it was earned *pre*-petition and therefore does not so qualify.[2]

Claimant's entitlement to three weeks' vacation pay for 1993 accrued on January 1, 1993, approximately ten (10) days *after* the order dismissing debtor's bankruptcy filing on December 4, 1992 and approximately forty-nine (49) days *before* the order of February 9, 1993, which "reopened" the case.

Resolution of the matter now before this court depends on the effect of the order of December 22, 1992 dismissing the case and the effect of the order of February 9, 1993 reopening the case.

■ The effect of dismissal of a bankruptcy case is set forth at 11 U.S.C. § 349. Unless the court indicates otherwise, the general effect of an order of dismissal is to restore the *status quo ante.* It is as though the bankruptcy case never had been brought. The purpose of Section 349 is "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case". H.Rep. No. 595, 95th Cong., 1st Sess., 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess., 48–49; 1978 U.S.Code Cong. & Ad.News, 5787, 5834–35.

■ The estate reverts, upon dismissal, to the debtor and is subject to all encumbrances in existence prior to the bankruptcy. Debtor's property and debts are sub-

---

1. *Public Ledger* remains the law in· this circuit notwithstanding that it was decided nearly a half-century ago. See *In re Roth American, Inc.,* 975 F.2d 949, 957 (3d Cir.1992).

2. Debtor takes the position that $2,000.00 of the claim is entitled to third-place priority pursuant to 11 U.S.C. § 507(a)(3) and that the remaining $499.99 is a general unsecured claim.

ject to the general laws, unaffected by bankruptcy law. Unless the dismissal was with prejudice, the debtor may file another bankruptcy petition. *See In re Income Property Builders, Inc.*, 699 F.2d 963, 965 (9th Cir.1983).

■ Without taking into consideration the effect of the order of February 9, 1993 "reopening" the case, it would appear that claimant's right to vacation pay accrued while debtor was not in bankruptcy and that his claim therefore does not qualify as an administrative expense. Such an inference, however, is hasty and unwarranted. The effect of the order of February 9, 1993 "reopening" the case compels a wholly different conclusion.

Use of the word "reopened" in the order of February 9, 1993 was misleading. Only a bankruptcy case which has been closed pursuant to 11 U.S.C. § 350(a)—i.e., in which the estate has been fully administered and any trustee has been discharged—may be "reopened" pursuant to 11 U.S.C. § 350(b).[3] *See In re Income Property Builders, Inc.*, 699 F.2d at 965. The present case was not "closed" pursuant to 11 U.S.C. § 350(a).[4] It was *dismissed* because debtor had failed to complete the bankruptcy filing in a timely manner.

Debtor's motion of January should be construed as a motion to *vacate* the order of December 22, 1992 pursuant to Federal Rule of Bankruptcy Procedure 9024, which in turn incorporates FED.R.CIV.P. 60(b). It sought to "reinstate and refile the within case".

The order of February 9, 1993 "relieved" debtor from the order entered on December 22, 1992. It effectively rendered the order of December 22, 1992, which treated the bankruptcy case as though it had not been filed, as a nullity. That is to say, it treated the order of December 22, 1992 as though it never had been entered and reinstated the bankruptcy petition *as of the date on which it originally had been filed— i.e., December 4, 1992.* The court, in entering the order of February 9, 1993, only granted debtor the relief it had sought.

■ Rule 60(b) specifically provides that a party may be relieved from a final order "upon such terms as are just". It would be manifestly unjust to reinstate debtor's bankruptcy petition as of December 4, 1992 while not according administrative priority status to services rendered after that date which provided an actual and necessary benefit to the bankruptcy estate. To deny claimant's request for vacation pay as an administrative expense would, in light of the unusual circumstances presented in this case, unjustly enrich the bankruptcy estate at the expense of one which provided services that benefitted the estate.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 6th day of October, 1993, in accordance with the accompanying Memorandum Opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that the request of movant/claimant Richard S. France for payment of vacation pay in the amount of $2,499.99, filed at Motion No. 93–1289M, is GRANTED; debtor's objection thereto is OVERRULED.

---

**3.** 11 U.S.C. § 350 provides as follows:
(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

**4.** Entry on the docket that the case had been closed refers only to an administrative closing of the file, not to a statutory closing pursuant to 11 U.S.C. § 350. The entry reflects only an internal operating procedure of the clerk's office. *See In re Woodhaven Ltd.*, 139 B.R. 745, 747 (Bankr.N.D.Ala.1992).