683 N.E.2d 995 (1997)
291 Ill. App.3d 588
225 Ill.Dec. 492
In re APPLICATION OF THE COUNTY COLLECTOR FOR DELINQUENT TAXES (Petition of Dennis D. Ballinger, Petitioner-Appellant,
v.
Hickory Point Bank & Trust, et al., Respondents-Appellees).
No. 4-95-1013.
Appellate Court of Illinois, Fourth District.
Argued June 18, 1997.
Decided August 14, 1997.
*996 John Barr (argued), Barr & Barr, Decatur, for Dennis D. Ballinger.
Michelle K. Robinson (argued), Kehart, Shafter, Hughes & Hughes, P.C., Decatur, for Hickory Point Bank & Trust.
Lawrence R. Fichter, State's Atty., Decatur, Norbert J. Goetten, Director, State's Attys. Appellate Prosecutor, Springfield, John X. Breslin, Deputy Director, State's Attys. Appellate Prosecutor, Ottawa, Terry A. Mertel (argued), Staff Atty., States's Attys. Appellate Prosecutor, Ottawa, for Cathy L. Ashby.
Justice KNECHT delivered the opinion of the court:
Respondents, Hickory Point Bank and Trust (Hickory Point), Vernon Houchen, bankruptcy trustee, and Cathy L. Ashby, Macon County tax collector, filed motions to set aside a tax sale and requested a sale in error under section 21-310 of the Property Tax Code. 35 ILCS 200/21-310 (West 1994). They argued the owners of the home involved in the tax sale were in bankruptcy at the time of the sale and an automatic stay was in effect prohibiting the tax sale from taking place. The trial court vacated the order for tax deed and granted the petition for sale in error. Dennis Ballinger, petitioner, was the tax purchaser and has appealed the judgment of the trial court. We affirm.
On July 7, 1992, Larry and Nancy Ward filed for bankruptcy protection under chapter 13 of the Bankruptcy Code. 11 U.S.C. § 101 et seq. (1988). The Wards later moved to convert their bankruptcy action to one under chapter 11 of the Bankruptcy Code. On October 13, 1992, the bankruptcy judge ordered the Wards to supply certain information and pay a filing fee in order to convert *997 to a chapter 11 proceeding. When the Wards failed to file the required fee, their case was dismissed on October 22, 1992.
The Wards filed a motion to reinstate their bankruptcy on October 30 and it was allowed on November 19, 1992. A notice of commencement of case under chapter 11 was sent by the bankruptcy court to all creditors on November 19, 1992. The notice stated the case was filed or converted on October 13, 1992. The Wards later converted their chapter 11 bankruptcy proceeding to one under chapter 7 on March 1, 1993, and were granted a discharge in bankruptcy on December 6, 1993. Prior to the discharge, Hickory Point, mortgagee of the home, requested the automatic stay be lifted on the Wards' home, and the request was granted by the bankruptcy court on September 23, 1993. Sometime after that, the bank brought a foreclosure action against the Wards.
At the time the Wards originally filed their bankruptcy petition, the real estate taxes on their residence were delinquent. No notice was given to the Macon County collector of either the filing of the bankruptcy petition or its dismissal. The taxes on the property were sold at the annual Macon County tax sale on October 26, 1992. Dome Tax Service was the successful bidder and obtained a certificate, which was assigned to Ballinger on May 18, 1995. On May 19 Ballinger filed a petition for tax deed and forwarded required notices to various interested parties, including Hickory Point. On October 2, 1995, the period of redemption ended without the real estate taxes being redeemed and Ballinger filed an application for issuance of a tax deed on October 4, 1995. Ballinger received an order issuing the tax deed that same day.
On October 23, 1995, motions for sale in error were filed by Hickory Point, Vernon Houchen, bankruptcy trustee, and Cathy Ashby, Macon County collector. In addition, motions to set aside the order for tax deed were filed by Hickory Point and the bankruptcy trustee.
At a hearing held on December 8, 1995, the trial court dismissed the motions to compel sale in error filed by Hickory Point and the trustee. The trial court granted the motion for sale in error filed by the Macon County collector and also the motions to set aside the tax deed. On December 11, 1995, Ballinger filed a notice of appeal.
When a bankruptcy petition has been filed, the real property of debtors such as the Wards is protected from a tax sale by both federal and Illinois law. Under federal law, when debtors enter bankruptcy, their assets are protected from action against them by their creditors by the provisions of an automatic stay provided by section 362 of the Bankruptcy Code. 11 U.S.C. § 362 (1994). Subsection 362(c)(2) provides the stay shall remain in effect
"* * * until the earliest of
(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title * * *, the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2) (1994).
A tax sale occurring when the automatic stay is in effect, as well as any other action against a debtor's property taken by a creditor then, is void ab initio. In re Garcia, 109 B.R. 335, 340 (N.D.Ill.1989); Richard v. City of Chicago, 80 B.R. 451, 453 (N.D.Ill. 1987). A tax sale is void while an automatic stay is in effect despite the debtors' failure to include the tax debt in their chapter 13 plan (In re Young, 14 B.R. 809, 811 (Bankr. N.D.Ill.1981)) because creditors are bound by the stay regardless of notice. In re Greer, 89 B.R. 757, 759 (Bankr.S.D.Ill.1988); In re Ellis, 66 B.R. 821, 823 (N.D.Ill.1986).
In addition, in Illinois section 21-310 of the Property Tax Code provides the sale of property for failure to pay property taxes may be declared a sale in error only under certain circumstances:
"(a) When, upon application of the county collector, tax purchaser, or a municipality which owns or has owned the property ordered sold, it appears to the satisfaction of the court which ordered the property sold that any of the following subsections are applicable, the court shall declare the sale to be a sale in error:
* * * * * *

*998 (6) prior to the tax sale a voluntary or involuntary petition has been filed by or against the legal or beneficial owner of the property requesting relief under the provisions of 11 U.S.C. Chapter 7, 11, 12 or 13." 35 ILCS 200/21-310(a)(6) (West 1994).
If the Wards, as legal owners of the property in question, had filed a voluntary petition for relief in bankruptcy at the time of the tax sale of their property, the sale was void under the Bankruptcy Code and the Macon County collector could bring a petition for sale in error, which would be granted under the Illinois Property Tax Code. However, in this instance, on the date of the Macon County tax sale the bankruptcy petition of the Wards had been dismissed and was not yet the subject of a motion to reinstate. Ballinger argues the automatic stay was not in effect on the date of the tax sale and, therefore, it was not a void sale under section 362 of the Bankruptcy Code. 11 U.S.C. § 362 (1994). Further, he argues the automatic stay must be in effect in order for the sale to qualify as a sale in error under section 21-310(a)(6) of the Property Tax Code. 35 ILCS 200/21-310(a)(6) (West 1994).
In its order granting the petition for a sale in error, the trial court noted the federal courts have had a difficult time dealing with their own automatic stay rule, sometimes want ing to apply it and sometimes not wanting to do so when a case has been dismissed and is later reinstated. We agree with that assessment.
Ballinger cites several cases in support of his position, i.e., the automatic stay was not in effect during the window created by the dismissal of a bankruptcy action, though it was later reinstated. Only one circuit court of appeals appears to have addressed this issue and the rest are bankruptcy and tax courts. In In re De Jesus Saez, 721 F.2d 848 (1st Cir.1983), the debtor filed for relief under chapter 13 of the Bankruptcy Code but, due to lack of diligence, her bankruptcy case was dismissed. A mortgagee, who obtained a judgment in mortgage foreclosure proceedings prior to the debtor filing for bankruptcy, sold the debtor's residence at auction after the bankruptcy case was dismissed. After the debtor's motion for reconsideration of the dismissal and reinstatement of the bankruptcy case were allowed, the bankruptcy court issued an order voiding the prior sale of the residence as a violation of the automatic stay. The district court affirmed the bankruptcy court, but the court of appeals reversed, holding that, unless specifically extended, the automatic stay terminated upon dismissal of the bankruptcy petition. De Jesus Saez, 721 F.2d at 851. Therefore, even though the bankruptcy petition was reinstated, the actions of the creditor during the window of time between dismissal and reinstatement were not void.
Some bankruptcy courts have held to the contrary and found a motion to reinstate a dismissed bankruptcy case that is allowed results in treating the bankruptcy case as if the dismissal never occurred. In re Lewis & Coulter, Inc., 159 B.R. 188, 190-91 (Bankr. W.D.Pa.1993). In Lewis & Coulter the debtor had its case dismissed on December 22, 1992, and moved to reinstate it within the 10 days required by Federal Rule of Bankruptcy Procedure 9024. On February 9, 1993, the court allowed the motion to reinstate. During the window created by the pendency of the reinstatement motion, a creditor-employee of the bankrupt company accrued vacation time, which is considered to be an administrative expense of the bankruptcy. The debtor attempted to avoid payment of the vacation pay to the employee because it accrued during the window between the dismissal and reinstatement of the bankruptcy. The court ruled its order of dismissal should be treated as though it never existed:
"Debtor's motion of January should be construed as a motion to vacate the order of December Federal Rule of Bankruptcy Procedure 9024 * * *. It sought to `reinstate and refile the within case'.
The order of February 9, 1993[,] `relieved' debtor from the order entered on December 22, 1992. It effectively rendered the order of December 22, 1992, which treated the bankruptcy case as though it had not been filed, as a nullity. That is to say, it treated the order of December 22, 1992[,] as though it never *999 had been entered and reinstated the bankruptcy petition as of the date on which it originally had been filed * * *." (Emphasis in original). Lewis & Coulter, 159 B.R. at 191.
The court in Lewis & Coulter found it would be "manifestly unjust" to reinstate the bankruptcy petition as of December 4, 1992, without allowing the administrative claim of the employee rendering services to the bankruptcy estate during the period before the dismissal order was considered to be a nullity. Lewis & Coulter, 159 B.R. at 191.
The trial court here found the Lewis & Coulter case most persuasive. The trial court found there was no final order on the date of the tax sale because the dismissal was later changed. Because there was no final order, the court found the bankruptcy petition was pending on the date of the tax sale.
The decision in Lewis & Coulter has been criticized by other bankruptcy courts (see In re Thomas, 194 B.R. 641, 648 n. 19 (Bankr.D.Ariz.1995)), but we find it to be persuasive. Bankruptcy courts are courts of equity (National Labor Relations Board v. Bildisco & Bildisco, 465 U.S. 513, 527, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482, 496 (1984)) and must balance the equities involved in making decisions. The bankruptcy court in this case granted the Wards' motion to reinstate their case and in its order sent to notify creditors on November 19, 1992, stated the case was filed or converted on October 13, 1992. Thus, the bankruptcy court in this case treated the Wards' bankruptcy as continuously filed and, therefore, there was no window of opportunity for any creditor to take action against the Wards' property.
There is no mention anywhere in the record as to the Wards requesting their automatic stay be reinstated after the reinstatement of their bankruptcy case and, yet, the bankruptcy court granted Hickory Point's motion to lift the stay on September 23,1993. Thus, the bankruptcy court treated the stay as remaining in effect from the original filing of the bankruptcy petition. This position comports with the legislative purpose of the automatic stay, which this court has recognized to be "`to permit the debtor to organize his or her affairs without creditor harassment and to allow orderly resolution of all claims.'" Cole Taylor Bank v. Cole Taylor Bank, 224 Ill.App.3d 696, 707, 166 Ill.Dec. 817, 824, 586 N.E.2d 775, 782 (1992), quoting Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir.1984).
We are not in a position to overrule the bankruptcy court's apparent determination the automatic stay remained in effect during the time between the dismissal and reinstatement of the Wards' bankruptcy petition. Because the bankruptcy court treated the stay as remaining in effect, and such a position is in conformity with the stated legislative intent of allowing the orderly resolution of all claims against a creditor's estate, we will treat the stay as remaining in effect for purposes of granting a petition for sale in error.
However, we do not believe section 21-310 of the Property Tax Code (35 ILCS 200/21-310 (West 1994)) actually requires an automatic stay to be in effect for a petition for sale in error to be granted. This is a case of first impression as we found no reported cases dealing with this issue.
Ballinger argues that, in order to qualify for a sale in error under section 21-310(a)(6), the automatic stay must be in effect at the time of a tax sale. He points out the statute does not set any time limits on when the bankruptcy must have been filed and argues that, if the statute is read literally, a bankruptcy petition filed, for example, in 1985 or even earlier would cause a sale in error to be issued on a tax sale occurring in 1991 or later even if the debtors had been discharged but the bankruptcy case were still open for the purpose of administration of assets by the trustee. Ballinger maintains the intent of the General Assembly could not possibly have been for a property owner to indefinitely delay any sale of delinquent taxes on his property by filing a petition in bankruptcy.
Ballinger argues section 21-310 of the Property Tax Code must be read in conjunction with the Bankruptcy Code and notes the majority of bankruptcy cases find the existence of an automatic stay affects the actions *1000 allowed to be taken by a creditor. See 11 U.S.C. § 362 (1994).
Legislative intent is the controlling inquiry in construing a statute and the statutory language is the best indication of that intent. Boaden v. Department of Law Enforcement, 267 Ill.App.3d 645, 651, 205 Ill. Dec. 213, 218, 642 N.E.2d 1330, 1335 (1994). In construing a statute, it is never proper for a court to part from its plain language by reading into a statute exceptions, limitations or conditions in conflict with the clearly expressed legislative intent. Eagan v. Chicago Transit Authority, 158 Ill.2d 527, 532, 199 Ill.Dec. 739, 742, 634 N.E.2d 1093, 1096 (1994). When statutory language is clear and unambiguous, a court must enforce the law as enacted without considering other aids of construction. Greenview Ag Center, Inc. v. Yetter Manufacturing Co., 246 Ill.App.3d 132, 136, 185 Ill.Dec. 836, 839, 615 N.E.2d 395, 398 (1993).
Section 21-310(a)(6) does not refer to an automatic stay and there is nothing in the section to suggest its condition for granting a sale in error is coextensive with the automatic stay provision provided in the Bankruptcy Code. The legislature could have declared a county collector may apply for a sale in error when the tax sale was held during the period of an automatic stay under the Bankruptcy Code, but it did not do so. It appears the legislature has determined a county collector need not concern herself with the ins and outs of federal bankruptcy court stays and procedures and how they affect different creditors and their claims. The legislature has made it simple. If a bankruptcy petition has been filed, a sale while that action is pending is in error. As the statute must be read reasonably, if a bankruptcy case has been ended by discharge or is no longer pending for some other reason on the merits, the previous filing of a bankruptcy petition would no longer be grounds for the granting of a petition for sale in error.
The standard of proof necessary for a trial court to declare a sale in error is set forth in clear language in section 21-310 of the Property Tax Code. 35 ILCS 200/21-310 (West 1994). The section requires only that "it appears to the satisfaction of the court which ordered the property sold" that prior to the property being sold a bankruptcy petition was filed. 35 ILCS 200/21-310(a) (West 1994); see also In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1986 and Prior YearsTax Certificate No. 8600983, 221 Ill.App.3d 87, 88, 163 Ill.Dec. 561, 562, 581 N.E.2d 715, 716 (1991).
In this case, the Wards' bankruptcy petition had been on file for only three months at the time it was dismissed for failure to file a fee when converting to a different chapter of the Bankruptcy Code. No motion to lift the stay had yet been heard. Only eight days elapsed between the dismissal and a motion requesting reinstatement. The Wards' property was not kept out of a tax sale for an indefinite period of time because of the filing of their bankruptcy petition. They originally filed their petition on July 7, 1992, and were discharged from bankruptcy on December 6, 1993. The notice of commencement of case sent to creditors by the bankruptcy court on November 19, 1992, when it granted the Wards' motion to reinstate indicated their bankruptcy case was filed or converted on October 13, 1992. Under these facts, the trial court was satisfied a bankruptcy petition was on file prior to the property tax sale held on October 26, 1992, and granted a sale in error based on section 21-310(a)(6) of the Property Tax Code. 35 ILCS 200/21-310(a)(6) (West 1994).
Finally, Ballinger argues Hickory Point should not be allowed to have set aside the order for tax deed granted him because it was notified after the tax sale of his interest in the property and was given an opportunity to redeem the taxes. Ballinger argues Hickory Point was negligent in protecting its interests by failing to redeem the real estate taxes and now is trying to use the filing of the bankruptcy petition as a means to set aside the order for tax deed.
Hickory Point filed a petition for sale in error just as the county collector did. The trial court dismissed Hickory Point's petition, however, because section 21-310(a) of the Property Tax Code provides only a county *1001 collector, tax purchaser or a municipality that owns or has owned the property may file a petition for sale in error. 35 ILCS 200/21-310(a) (West 1994). However, the trial court granted the motion to set aside the order for tax deed filed by Hickory Point. This result is required by section 21-310 of the Property Tax Code because it provides that, if a sale is declared to be a sale in error, the county clerk shall make entry in the tax judgment, sale, redemption, and forfeiture record the property was erroneously sold and shall on demand of the owner of the certificate of purchase, refund the amount paid plus interest and costs and cancel the certificate. 35 ILCS 200/21-310 (West 1994).
Ballinger is entitled to his money back with interest but is not entitled to a tax deed because the tax certificate must be canceled once the sale has been found to have been made in error. No tax deed could possibly follow from a sale in error.
For the foregoing reasons the judgment of the trial court is affirmed.
Affirmed.
COOK and GREEN, JJ., concur.