**TABOR ENTERPRISES, INC., etc., Plaintiff,**

v.

**PEOPLE OF THE STATE OF ILLINOIS, et al., Defendants.**

**In re TABOR ENTERPRISES, INC., etc., Debtor.**

**Nos. C86–140A, C86–141A.**

United States District Court, N.D. Ohio, E.D.

July 14, 1986.

Chips, Inc., has appealed from the decision of the Bankruptcy Court granting summary judgment to the defendants on the complaint to sell real property located in Cook County, Illinois, and to void certain tax deeds issued by the Cook County Circuit Court. The defendant-appellees, the People of the State of Illinois, Edward J. Rosewall, Accredited Heating & Air Conditioning, F & B Investments, Time Investments, Stephen R. Dobrofsky, and American National Bank & Trust Company of Chicago have filed a cross-appeal objecting to the Bankruptcy Court's denial of their request for attorney's fees.[1] For the reasons that follow, the decision of the Bankruptcy Court is affirmed.

### I.

The facts in this case are not in dispute, and the Court adopts the findings of the Bankruptcy Court:

1. Plaintiff was the record title owner of three parcels of land located in Cook County, Illinois at the time of the filing in this court of its petition for relief under the Bankruptcy Code.

2. Plaintiff neglected to pay the 1981 Illinois real estate taxes on the three parcels and on November 29, 1982 the treasurer of Cook County, Edward J. Rosewell [sic], obtained a judgment and order of sale from the Circuit Court of Cook County as a result of such non-payment.

3. On January 24, 1983, at a public sale, the treasurer sold the judgment on one of the lots to defendant F & B Investments and sold the remaining two judgments to Time Investments. Both buyers received certificates of purchase at the time of the sale.

4. On March 11, 1983, Tabor filed its petition for relief under Chapter 11 of the Bankruptcy Code.

Michael A. Gallo, Nadler & Nadler Co., Youngstown, Ohio, for plaintiff.

Steven R. Dobrofsky, Chicago, Ill., Mark A. Whitaker, Blair, Stone & Whitaker, Alliance, Ohio, Kevin P. Burke, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DOWD, District Judge.

The plaintiff-appellant, Tabor Enterprises, Inc. f/k/a Arthur Treacher's Fish &

---

1. Of the seven named defendant-appellees, only F & B Investments, Time Investments, Stephen R. Dobrofsky, and The American National Bank & Trust Company of Chicago have filed responsive briefs. The failure of the other appellees to file opposing briefs does not impair the Court's ability to decide the merits of the appeal. *United States v. Everett,* 700 F.2d 900, 902 n. 5 (3d Cir.1983).

**44**

5. In November, 1984, both F & B Investments and Time Investments extended the Illinois statutory redemption period, as permitted under the laws of that state, to March 7, 1985.

6. Both F & B Investments and Time Investments filed petitions for tax deeds on March 14, 1985. On April 17, 1985 the Circuit Court of Cook County entered orders directing the county clerk to issue tax deeds to the petitioners.

7. The county clerk issued the tax deeds on April 24, 1985. The deeds were duly recorded in the public records of Cook County, Illinois on May 13, 1985.

8. Subsequent to the issuance of the tax deeds, both F & B Investments and Time Investments sold their parcels to defendant Steven R. Dobrofsky. Dobrofsky thereafter transferred the title to the properties to defendant American National by a deed in trust. Dobrofsky is the sole beneficiary of the trust.

9. No appeal of the orders directing the county clerk to issue the tax deeds was filed, nor were any petitions to set aside the tax deeds filed.

10. On May 31, 1985 plaintiff filed a complaint to sell the three parcels of land and demanded that the defendants set forth their interest. The complaint was subsequently amended to ask the court to void the tax deeds of the defendants as violative of sections 362, 548 and 549 of the Bankruptcy Code.

*In re Tabor Enterprises, Inc., etc.,* Case No. 683–00381, slip op. at 2–4 (Bankr.N.D. Ohio Oct. 10, 1985) (memorandum of decision).

## II.

The appellant raises two issues on appeal. First, the appellant argues that the Bankruptcy Court erred in finding that the Illinois state procedure regarding tax sales and the issuance of tax deeds was not tolled by the operation of the automatic stay provisions of § 362 of the Bankruptcy Code. Second, the appellant argues that regardless of whether § 362 applies, the

tax sale proceedings operated to affect a transfer of property of the estate in violation of either § 548 or § 549 of the Bankruptcy Code. The Court finds neither of the appellant's arguments persuasive.

### A.

The appellant's first argument is that the automatic stay provisions of § 362 of the Bankruptcy Code toll the running of the statutory redemption provided under Illinois law. The nature and extent of a debtor's interest in property is defined by state law. *See Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). In Illinois, a tax lien attaches to real property on the first day of January of the year for which the taxes are due. Ill.Ann.Stat., ch. 120, § 697 (Smith-Hurd Supp.1986). The lien is extinguished when the property owner pays the taxes on the property, or when the state sells the property at a tax sale after foreclosing on the lien. *See id.* Before selling the property, the state obtains a judgment for sale through the summary proceedings outlined in §§ 715–716a. *See id.* ch. 120, §§ 715–716a. All land sales must be confirmed by the Circuit Court, and once confirmed, the county clerk and county collector issues to the purchaser a certificate of purchase. *Id.* ch. 120, § 716a.[2] The property is sold to the highest bidder, even if the highest bid is less than "the full amount of taxes, special taxes, special assessments, interests, penalties, and costs for which judgment has been entered." *Id.*

Illinois law provides that the delinquent taxpayer may redeem property sold at a tax sale any time within two years of the date of sale. Ill.Ann.Stat., ch. 120, § 734 (Smith-Hurd Supp.1986). To redeem, the delinquent taxpayer must pay the amount for which the property was sold plus any penalty, special assessments, interest, or other costs. *Id.* ch. 120, § 734. Generally, the property owner must redeem within two years of the date of sale, although the holder of the certificate of purchase may

**2.** Confirmation of the sale does not affect in any way the state's ability to collect the deficiency.

extend the redemption period. *Id.* The holder of the certificate of purchase may, within five months of the expiration of the redemption period, petition the circuit court for an order for the issuance of a tax deed in the event the property owner fails to redeem the property. *Id.* ch. 120, § 747. A tax deed is issued only after notice to interested parties and a hearing, and conveys merchantable title to the holder of the certificate of purchase. *Id.* Under Illinois law, the issuance of a certificate of purchase to a tax sale purchaser after confirmation of the sale does not in any way affect the legal or equitable interests of the property owner in the property. *See City of Chicago v. City Realty Exchange, Inc.,* 127 Ill.App.2d 185, 190, 262 N.E.2d 230, 232 (1970).

The Sixth Circuit recently addressed the issue of whether § 362 tolls the running of a statutory redemption period.[3] *Federal Land Bank of Louisville v. Glenn (In re Glenn),* 760 F.2d 1428, 1440 (6th Cir.1985).[4] In *Glenn,* the court determined that § 362(a) did not operate to stay the running of a statutory redemption period following a mortgage foreclosure sale. The court relied on the reasoning of the Seventh Circuit in *Johnson v. First National Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). The *Johnson* court held that § 362(a) does not apply to stay the running of the statutory redemption period following a mortgage foreclosure sale. First, the court interpreted § 362 to apply only to affirmative acts. Where the expiration of the redemption period divests the property owner of its property, no affirmative act has occurred within the meaning of § 362(a) and a stay is not warranted. *Id.* at 276. Second, the court noted that the language contained in § 108(b) of the Bankruptcy Code specifically prescribes the time limits within which a debtor may, among other things, "cure a default, or perform any other similar act...." 11 U.S.C. § 108(b) (1982).[5] The Court found that the specific language in § 108(b) controls over the general tolling provisions contained in § 362(a). *Id.* at 277–78.

The *Glenn* court, in determining the effect of § 362(a) on statutory redemption

---

**3.** Section 362(a) provides:

[A] petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C. § 362(a) (1982).

**4.** Although *Glenn* was decided in the context of a Chapter 13 proceeding, its rationale is applicable in proceedings under Chapter 11 as well. *See In re Northern Acres,* 52 B.R. 649, 652 (Bankr.E.D.Mich.1985).

**5.** Section 108(b) provides:

[I]f applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

11 U.S.C. § 108(b) (1982).

periods, made no detailed analysis of the property rights possessed by the debtors under state law. The court "avoid[ed] any effort to analyze the transaction in terms of state property law ... [because m]odern practice varies so much from state to state that any effort to satisfy the existing concepts in one state may only create confusion in the next." *Glenn*, 760 F.2d at 1436. The court decided to draw a "bright line" to govern the effect of § 362 on statutory redemption periods.

■ The Court finds that *Glenn's* bright line test is applicable to the Illinois tax sale procedure. First, § 108(b) specifically delineates the time in which a debtor may redeem property. Thus, regardless of the property interest possessed by Tabor, its right to redeem is controlled by § 108(b). Second, the expiration of the Illinois redemption period, which extinguished Tabor's interest in the property, is not the type of affirmative act proscribed by § 362(a). Indeed, the expiration of the redemption period results directly from the debtor's *failure* to act. The time extensions allowed by § 108 reflect Congress' decision regarding the rights of debtors to cure defaults. Accordingly, the Court finds the holding of *Glenn* directly applicable to this case. Section 362(a) does not apply to void the issuance of the tax deed.

**B.**

■ The plaintiff-appellant's second argument is that even if § 362(b) does not operate to toll the running of the statutory redemption period, a transfer of property of the estate occurred in violation of either § 548 or § 549 of the Bankruptcy Code. Section 548 allows the trustee to void certain prepetition transfers.[6] It is clear that no violation of § 548 occurred because there was no transfer of property prior to the filing of the petition. Under Illinois law, the granting of a tax judgment, the selling of the tax judgment, and the issuance of the certificate of purchase to a purchaser at a tax sale does not divest the property owner of any interest in the property.

■ Section 549 prohibits certain transfers of property subsequent to the filing of the bankruptcy petition.[7] No transfer of property under § 549 occurred upon the issuance of the tax deed because the expiration of the redemption period extinguished the property owner's rights in the property.[8] The Court is convinced that the property owner's rights in the property are divested at the time the statutory redemption period expires; if not, then the running of the redemption period carries no practical significance. Further, the Illinois

---

**6.** Section 548(a) provides:

The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remain-

ing with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a) (1982 & Supp.III 1985).

**7.** Section 549(a) provides:

[T]he trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a) (1982).

**8.** In view of the Court's determination that no transfer occurred within the meaning of § 549, the Court need not address the status of the defendant-appellees as bona fide purchasers.

statute provides that the issuance of the tax deed conveys merchantable title to the purchaser. *See* Ill.Ann.Stat., ch. 120, § 716a (Smith-Hurd. Supp.1986). It follows, then, that the notice and hearing required before issuance of the tax deed are intended to protect other persons with an interest in the property, and not necessarily to protect the interest of the property owner.[9] Accordingly, the Court concludes that no violation of § 549 occurred. The decision of the bankruptcy court is affirmed with regard to the issues raised by the plaintiff-appellant's direct appeal.

### III.

■ The defendant-appellee has filed a cross-appeal from the bankruptcy judge's decision refusing to award attorney's fees and costs under Rule 11 of the Federal Rules of Civil Procedure. Rule 11, and its bankruptcy rule counterpart, Rule 9011, provide that a court may award sanctions in the form of attorneys' fees and costs where a pleading or other document is "[not] well grounded in fact and is [not] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." Fed.R. Civ.P. 11; Bankr.R. 9011.

The bankruptcy court determined that the complaint was "well-grounded in fact or warranted by existing law or good faith argument," because of the split of authority on the central issue in the adversary proceeding. The defendant-appellee argues, however, that the Sixth Circuit ruling in *Glenn* is controlling on the issue, and that the plaintiff-appellee's appeal was frivolous. The Court notes, however, the broad language of *Glenn*, the split among the various courts that have considered the question of the interrelationship between §§ 362(a) and 108(b), and the rather unique

Illinois tax sale proceedings, and concludes that the appeal was well grounded in fact and law. Accordingly, the Court affirms the decision of the bankruptcy court on the defendant-appellees' cross-appeal.

### IV.

For the foregoing reasons, the decision of the bankruptcy judge is affirmed in its entirety.

IT IS SO ORDERED.

---

**9.** Arguably, the filing of the petition for a tax deed after institution of the bankruptcy proceeding but before the expiration of the redemption period does violate the automatic stay. At that time, the property is property of the debtor, and the filing of the petition could be construed as an act to take possession of property of the estate. The tax deed, however, may issue only if the property owner fails to redeem. The

Court finds that under these circumstances, the filing of the petition does not violate the automatic stay provisions. In addition, the Court finds that the debtor should have contested the violation of the stay provisions at the time the petition was filed, and not in a subsequent proceeding intended to void the issuance of the tax deed.