(text box: 1)

NO. 5-99-0733

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

HERMAN HOOD, d/b/a ) Appeal from the

G & H INVESTMENTS, ) Circuit Court of

) Jackson County. 

Petitioner-Appellee, )

v. ) No. 98-TX-16

)

RICHARD HALL, )

)

Respondent-Appellant, )

and )

)

FIRST NATIONAL BANK & TRUST )

COMPANY, CHARTER BANK, and )

MAGNA BANK, ) Honorable

) Thomas H. Jones,

Respondents. ) Judge, presiding.  

________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

This appeal is from an order of the circuit court of Jackson County, entered October 6, 1999, denying the motion of Richard Hall (appellant), filed pursuant to section 2-1401 of the Civil Practice Law (735 ILCS 5/2-1401 (West 1998)), to vacate a tax deed issued to Herman Hood, doing business as G & H Investments (appellee).  Appellant argues that the issuance of the tax deed was stayed by virtue of appellant’s bankruptcy proceedings and that the tax deed is void 
ab initio
 because it was issued in violation of the automatic stay of the Bankruptcy Code (11 U.S.C. §362 (1994)).

On October 30, 1995, appellee purchased the subject real estate at the county’s annual tax sale and received a certificate of purchase therefor.  On June 19, 1997, appellant filed a petition in bankruptcy in the United States District Court for the Southern District of Illinois, which was converted to a chapter 7 proceeding on March 3, 1998.  On March 23, 1998, appellee filed a petition in the circuit court of Jackson County for an order directing the issuance of a tax deed to the subject property.  The petition asserts that the period of redemption was to expire on July 10, 1998.  Appellant was served with notice of the petition; the bankruptcy trustee was not.  The petition came on for hearing on July 20, 1998.  On that date, the circuit court of Jackson County entered an order directing the issuance of a tax deed for the subject property to appellee.  

On July 8, 1999, appellant filed a motion to vacate the tax deed pursuant to section 2-1401, asserting that an automatic bankruptcy stay had been in effect which precluded any action against the debtor’s estate and that the tax deed had been issued in violation of the stay and was therefore void 
ab initio
.  The motion further alleges that appellant was discharged in bankruptcy on October 5, 1998.  Appellee filed a response to the motion, and the parties filed legal memoranda in support of their respective positions.  

On October 6, 1999, the circuit court of Jackson County entered an order denying appellant’s motion to vacate the tax deed.  Relying on the reasoning of 
In re Tabor Enterprises, Inc.
, 65 B.R. 42 (Bankr. N.D. Ohio 1986), the trial court held that, because it is the expiration of the redemption period that divests the property owner of the property, no affirmative act is required of the tax purchaser within the meaning of the automatic stay provision of the Bankruptcy Code.  The trial court ruled that, accordingly, the automatic stay provision of the Bankruptcy Code does not apply to void the issuance of a tax deed.  Appellant appeals.

There is no question that judgments entered in violation of the automatic stay in bankruptcy are void 
ab initio
 (
In re Application of the County Collector for Delinquent Taxes
, 291 Ill. App. 3d 588, 591 (1997); 
In re Garcia
, 109 B.R. 335, 338 (Bankr. N.D. Ill. 1989)) and that void judgments may be attacked at any time (
Bank of Matteson v. Brown
, 283 Ill. App. 3d 599, 606 (1996)).  The only question before us is whether the order directing the issuance of a tax deed was obtained by appellee in violation of the automatic stay, rendering that order void 
ab initio
.  

The trial court relied on 
In re Tabor Enterprises, Inc.
, 65 B.R. 42 (Bankr. N.D. Ohio 1986), and we find its reasoning and rationale persuasive.  In that case, the property of the debtor was sold for taxes, and a certificate of purchase was issued to the tax purchaser prior to the filing of the debtor’s petition in bankruptcy.  Subsequently, and during the pendency of the bankruptcy, the tax purchaser petitioned for and obtained an order directing the issuance of a tax deed.  Thereafter, the debtor filed a motion to void the tax deed as having been obtained in violation of the automatic stay in bankruptcy.  The United States District Court for the Northern District of Ohio, applying Illinois law, held that the automatic stay provision of the Bankruptcy Code does not toll the running of the statutory period of redemption provided by Illinois law.  
Tabor Enterprises, Inc.
, 65 B.R. at 44.
(footnote: 1)  The expiration of the redemption period automatically divests the property owner/debtor of his property, and therefore, no affirmative act of the tax purchaser is required.  
Tabor Enterprises, Inc.
, 65 B.R. at 45.  The expiration of the redemption period extinguishes the owner/debtor’s rights in the property.  
Tabor Enterprises, Inc.
, 65 B.R. at 46.  The automatic stay provision of the Bankruptcy Code applies only to prohibit affirmative acts against the debtor or his estate.  
Tabor Enterprises, Inc.
, 65 B.R. at 45.  The expiration of the redemption period is not the type of affirmative act proscribed by the automatic stay provision.  
Tabor Enterprises, Inc.
, 65 B.R. at 46.  Thus, the automatic bankruptcy stay does not apply to render void the issuance of a tax deed.  
Tabor Enterprises, Inc.
, 65 B.R. at 46.

The case relied on by appellant in the trial court, 
In re Application of the County Collector for Delinquent Taxes
, 291 Ill. App. 3d 588 (1997), is distinguishable on its facts from 
Tabor Enterprises, Inc.
 and the case at bar.  In that case, the property owners filed their petition in bankruptcy prior to the sale of the property for taxes.  The county sold the property for taxes without seeking or obtaining relief from the automatic stay.  The sale of the property for taxes was an effort by the county to enforce its lien for taxes against the debtor and his estate.  Such an affirmative action is prohibited by the automatic stay provision of the Bankruptcy Code.  See also 
In re Greer
, 89 B.R. 757 (Bankr. S.D. Ill. 1988); 
In re Garcia
, 109 B.R. 335 (Bankr. N.D. Ill. 1989).  

In the instant case, as in 
Tabor Enterprises, Inc.
, the tax sale was conducted prior to the commencement of the bankruptcy proceeding.  No further action was taken by the tax purchaser to divest the debtor of property, because that occurred automatically upon the expiration of the statutory period of redemption.  Once the redemption period expires, the debtor has no interest in the property, and his rights are not affected by the issuance of a tax deed to the property.

A similar result was reached by the United States District Court for the Northern District of Illinois in 
In re Jackson
, 176 B.R. 156 (Bankr. N.D. Ill. 1994).  In that case, before the commencement of bankruptcy proceedings, the tax purchaser had purchased the property for unpaid taxes.  The debtor filed for bankruptcy on the last day to redeem the property.  The tax purchaser subsequently petitioned for and obtained an order directing the issuance of a tax deed.  The debtor sought to void the tax deed.  The district court held that the certificate of purchase held by the tax purchaser did not represent a lien against the property but that it was an interest in the property which could be perfected against the debtor.  As such, the certificate may be converted to a tax deed even in the face of the automatic bankruptcy stay.  The court also adopted the reasoning of 
Tabor Enterprises, Inc.
, that upon the expiration of the statutory period of redemption, the debtor loses all interest in the property and the issuance of a tax deed is not the kind of affirmative act prohibited by the automatic stay.  

We recognize that there are decisions that hold contrary to 
Tabor Enterprises, Inc.
 and 
Jackson
 (see 
In re Bequette
, 184 B.R. 327 (Bankr. S.D. Ill. 1995); 
In re Stewart
, 190 B.R. 846 (Bankr. C.D. Ill. 1996)); however, we find the reasoning of 
Tabor Enterprises, Inc.
 and 
Jackson
 to be more persuasive.  Accordingly, we find that the petition for the issuance of a tax deed filed by appellee herein was not filed in violation of the automatic stay provision of the Bankruptcy Code, and the order entered thereon is not void 
ab initio
.

The trial court did not err in so ruling and in denying appellant’s motion to vacate the tax deed.  For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.  

  

CHAPMAN, P.J., and HOPKINS, J., concur.

FOOTNOTES
1:
The parties do not dispute that this is correct.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 04/17/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.