**In re Zoltan ENYEDI, Leona A. Nelson, Debtors.**

**No. 06–bk–08771.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

July 12, 2007.

Leona A. Nelson, Chicago, IL, pro se.

Eugene Crane, Crane, Heyman, Simon, Welch & Clare, for trustee.

Daniel Popko, Bruce, Farrel, Dorn & Associates, for JL Callahan d/b/a Custom Carpentry.

Paul E. Kralovec, Chilton, Yambert, Porter & Young LLP, for A–American Contractors.

### ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER OF CONTEMPT

JACQUELINE P. COX, Bankruptcy Judge.

Debtors Zoltan Enyedi and Leona A Nelson ("Debtors") filed for bankruptcy protection under Chapter 7 of the Title 11 of the United States Code ("Bankruptcy Code" or "Code") on July 23, 2006. Pursuant to section 341 of the Code, a meeting of creditors was held on August 21, 2006. Eugene Crane was assigned as the Trustee in the Debtors' case and presided at the meeting of creditors. On August 23, 2006, the Trustee filed a No Asset Report that stated, in part, that "after diligent inquiry into the property of the estate, believes that there are no assets to be administered for the benefit of creditors." *See* 06–bk–08771, Doc. 13. The Debtors obtained a discharge order on October 23, 2006 in accordance with section 727 of the Bankruptcy Code. *See* 06–bk–08771, Doc. 23. On October 26, 2006, their bankruptcy case was closed and the Trustee was discharged from the case. *See* 06–bk–08771, Doc. 25.

On April 20, 2007, the Debtors' counsel, Joseph Doyle, filed a motion to reopen the Debtors' bankruptcy case in order to include two lawsuits—a Workers Compensation action and a Personal Injury action—that were omitted from the Debtors' Schedules B & C. *See* 06–bk08771, Doc. 26. These actions were filed in state court [1] on May 5, 2005 and were pending at the time of the Debtors' bankruptcy filing. Amended Schedules B & C listing the lawsuits and the Debtors' claimed exemptions in each were attached as exhibits to the motion.[2] While the docket indicates that Attorney Doyle provided notice of the motion to the Trustee, nothing in the Notice of Motion or the record indicates that counsel informed the Defendants in the state court lawsuit that the Debtors were moving to reopen their case to list the undisclosed litigation.[3] An order was signed May 1, 2007 granting the motion to reopen. *See* 06–bk–08771, Doc. 28.

On May 23, 2007, Mr. Crane filed a motion to have himself re-appointed as the Trustee in the Debtors' case. *See* 06–bk–08771, Doc. 29. According to the attached service list, the Trustee provided notice of his motion to the Office of the United

---

1. While it has not been clarified by the Parties, the Workers Compensation action is separate from the Personal Injury action. Unlike the Workers Compensation action, the Personal Injury action was filed in state court. The Illinois Industrial Commission presides over workers compensation actions. The Parties have not addressed whether the estate has an interest in the Workers Compensation action. To date, the Debtors have not asserted an exemption in the Workers Compensation action; the Debtors have not filed the necessary documentation in this bankruptcy proceeding to assert exemptions claims in either the Workers Compensation action or the Personal Injury action. The Debtors also have not filed the necessary schedule to list these assets in their bankruptcy.

2. While the motion alleges that the Debtors' purpose in reopening their bankruptcy case is to amend Schedules B & C to include these causes of action and assert certain exemption claims, the amended schedules have not been filed. Neither has the required filing fee been paid to the Clerk of the Court. *See* Local Rule 1006–3 ("Except as otherwise provided by these Rules, any document submitted for filing must be accompanied by the appropriate fee.") Attaching the amended schedules as exhibits to a motion to reopen does not comply with a debtor's duty under section 521(a)(1) to "file . . . a schedule of assets and liabilities." *See* also Fed. R. Bankr.Pro. 1009. According to the "Disclosure of Compensation of Attorney for Debtor(s)" form filed with the Debtors' petitions and schedules by Attorney Doyle, he "agreed to render legal service for all aspects of the bankruptcy case, includ-

ing . . . [p]reparation and filing of any petition, schedules, statement of affairs and plan that may be required" in exchange for the $750 he received from the Debtors. It appears that the only services not included are the "[r]epresentation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding." Based on his disclosure to the court, Attorney Doyle clearly has a contractual obligation to the Debtors to prepare and *file* the amended schedules at issue, in addition to rendering legal services to the Debtors "for all aspects of the bankruptcy case."

3. Upon further inspection of the combined *Notice of Motion* and *Certification* that Attorney Doyle filed with the motion to reopen, it remains unclear whether counsel served the motion on the Debtors' creditors. *See* 06–bk08771, Doc. 26. Although the pages that follow the combined *Notice of Motion* and *Certification* list the names and addresses of creditors listed on the Debtor's schedules, Attorney Doyle's *Certification* states that the "motion and notice of motion were served on the person to whom notice is given by causing the same to be delivered by hand to the client and via electronic notice to the Chapter 13 Trustee before the hour of 5:30 p.m., on April 21, 2007." Nothing in this statement certifies that the Debtors' creditors were given notice that the case was being reopened. And while Mr. Crane obtained electronic notice of this motion automatically via CM/ECF, counsel's certification indicates that notice was given to "the Chapter 13 Trustee."

States Trustee, Attorney Doyle and the Debtors' counsel in the Personal Injury Litigation (*Enyedi v. A–American Contractors & Suppliers, Inc., et al.,* Law Division, Case No. 05 L 005008), Beverly Spearman.[4] The Defendants in the state court case were not served. A hearing on the motion was held on May 29, 2007; a representative from the United States Trustee Office was present. An order approving Mr. Crane's re-appointment as Trustee was signed on May 29, 2007. *See* 06–bk08771, Doc. 30.

Subsequent to his re-appointment, the Trustee moved to employ Attorney Spearman and her law firm as special counsel to represent the bankruptcy estate's interests in the Personal Injury Litigation. *See* 06–bk–08771, Doc. 31. The certificate of service attached to the motion indicates that neither the Defendants involved in the state court litigation nor their attorneys were served; however, the motion was served on Attorney Spearman on June 1, 2007. A hearing on the motion was held June 12, 2007. An order approving the motion was signed on June 12, 2007. *See* 06–bk–08771, Doc. 32.

While the Debtors' bankruptcy case was being revived in the bankruptcy court, the

Defendants involved in the Personal Injury Litigation filed a motion on April 9, 2007 in state court seeking dismissal of the case because of Debtor Enyedi's failure to properly list the lawsuit claim in his bankruptcy case. On June 20, 2007, the state court judge presiding over the matter entered an order dismissing the lawsuit with prejudice based on judicial estoppel due to the failure to list and schedule the lawsuit on the bankruptcy schedules. The Trustee alleges that neither he nor the bankruptcy estate were provided with notice of the motion to dismiss.[5]

The Trustee alleges that the Defendants involved in the state court litigation were aware of the Debtors' bankruptcy and were, or should have been, aware of its reopening and his reappointment as trustee prior to the entry of the state court order of dismissal. He moves the court to find that the state court order dismissing the personal injury litigation is void *ab initio* because it was entered in violation of the automatic stay. The Trustee also moves the court to issue an order finding that the Defendants willfully violated the automatic stay. He seeks an award of compensatory and punitive damages and

**4.** Although the Trustee served the Debtors' attorneys, he did not separately serve the Debtors. *See* Fed. R. Bankr.Pro. 9013, 9014(a) & (b), 7004(b)(9).

**5.** If the court were to assume that this allegation is true, the Parties have failed to address the fact that as of June 12, 2007, counsel who had previously represented Debtor Enyedi in the state court litigation was now representing the Trustee—more specifically, the bankruptcy estate—in the Personal Injury Litigation. This was 8 days *before* the state court judge ruled on the motion to dismiss. More specifically, the Trustee certified in the certificate of service accompanying his motion to employ special counsel that he served the motion on Attorney Spearman. *See* 06–bk–08771, Doc. 31. Unless the Defendants were requesting *ex parte* relief in their dismissal

motion and such relief was entertained and granted by the state court judge, Attorney Spearman should have received notice of the Defendants' motion to dismiss regardless of whether she represented Debtor Enyedi or the Trustee. No one has bothered to address: (1) Was Attorney Spearman served or aware that the motion to dismiss had been filed?; (2) If so, did she inform her client, the Trustee?; and (3) Was Attorney Spearman present at the hearing in state court on the motion to dismiss? The Trustee is quick to point out that he was not provided with notice of the motion to dismiss, however he stops short of noting any role that may have been played by special counsel or his identical failure to, as a courtesy, provide notice of his bankruptcy motions to the Defendants or their counsel.

attorney fees and costs based upon their willful violation.

A hearing on the motion was held in bankruptcy court on July 10, 2007. While the Trustee, acting as his own attorney, and attorneys representing the Defendants were present, Attorney Spearman did not appear in court. Neither did Attorney Doyle appear on the Debtors' behalf; Debtor Nelson instead appear *pro se* before the court. Although evidence was not offered in the form of oral testimony or documentation, Defendants' attorneys maintained that they were not aware that the bankruptcy case had been re-opened and had they known, they would not have proceeded on their motion to dismiss. This court signed an order on July 10, 2007 ordering that (1) the state court order entered June 20, 2007 in *Enyedi v. A–American Contractors & Suppliers, Inc., et al.* (Law Division, Case No. 05 L 005008) was void *ad initio* and held for naught; (2) the Defendants are directed to immediately take all actions necessary to vacate the June 20, 2007 state court order of dismissal; and (3) that the hearing on the Trustee's request for damages, attorney's fees and costs based on Defendants' allegedly willful violation of the automatic would be held on July 12, 2007. *See* 06–bk–08771; Doc. 37. The Defendants were also granted the opportunity to file any pleadings they deem pertinent for the hearing on July 12, 2007. *See id.* The Defendants filed a written response to the motion on July 11, 2007. *See* 06–bk–08771, Doc. 38. As stated during the hearing on July 10, 2007, this court's ruling on the issues is explained in this order.

## Property of the Estate & The Automatic Stay

 Upon the commencement of a bankruptcy case under Title 11, an estate includes, in part, "all legal or equitable interests of the debtor in property." *See* 11 U.S.C. § 541(a). A cause of action held by a debtor on the petition date is " 'property' of the debtor and hence of the debtor's estate in bankruptcy." *In re Polis,* 217 F.3d 899, 902 (7th Cir.2000). *See also Cannon–Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir.2006)("[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims. . . ."); *Cable v. Ivy Tech State College,* 200 F.3d 467, 472–73 (7th Cir.1999)("The phrase 'legal or equitable interests . . . in property' includes choses in action and other legal claims that could be prosecuted for benefit of the estate."). If a trustee is serving in a case, section 521(a)(4) of the Code requires debtors to surrender all property of the estate to the trustee. *See* 11 U.S.C. § 521(a)(4).[6] Moreover, a trustee is required to "collect and reduce to money the property of the estate for which the trustee serves. . . ." *See* 11 U.S.C. § 704(a)(1). *See also Matter of Perkins,* 902 F.2d 1254, 1257 (7th Cir. 1990)("The authority to collect the debtor's assets is vested exclusively in the trustee.") Once a chapter 7 bankruptcy petition has been filed, the trustee holds the **exclusive** right to pursue the debtor's prepetition causes of actions. *See Cable,* 200 F.3d at 472 ("In liquidation proceedings, only the trustee has standing to prosecute or defend a claim belonging to the estate."); *Matter of New Era,* 135 F.3d 1206, 1209 (7th Cir.1998)("When a debtor has a trustee in bankruptcy . . . the trustee has,

---

**6.** 11 U.S.C. § 521(a)(4):
 (a) The debtor shall—

 . . .

 (4) if a trustee is serving in the case or an auditor serving under section 586(f) of title 28, surrender to the trustee all property of

the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;

with immaterial exceptions [citations omitted] the exclusive right to represent the debtor in court."); *Matter of Heath,* 115 F.3d 521 (7th Cir.1997)(same). *See also Dailey v. Smith,* 292 Ill.App.3d 22, 225 Ill.Dec. 1000, 684 N.E.2d 991, 994 (1997)("Once a bankruptcy petition is filed, all claims belong to the estate, and the bankruptcy trustee alone has standing to pursue them."). A trustee's statutory right to exclusivity ceases once the property has been abandoned. *See Cannon–Stokes,* 453 F.3d at 448 (Noting that if the estate, through the trustee, abandons a cause of action, then the creditors no longer have an interest, and the claim reverts back into the debtor's hands); 11 U.S.C. § 554. But *see Perkins,* 902 F.2d at 1258 (Court notes three narrow circumstances when a trustee can be divested of this exclusive authority). Absent abandonment, a debtor cannot pursue a cause of action for his or her own benefit.

■ In addition to creating a bankruptcy estate, the filing of a bankruptcy petition operates to stay all actions, whether judicial or private, that seek to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. *See* 11 U.S.C. § 362(a)(3). Unless relief from the automatic stay is granted earlier, section 362(c) outlines when it terminates:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C. § 362(c)(1) & (2). The Trustee argues that regardless of the fact that the Debtors obtained a discharge and their case was closed, the automatic stay remained in effect with respect to the Personal Injury Litigation because it was never abandoned and thus remained as property of the estate. The Trustee's argument is correct.

■ Section 554 of the Bankruptcy Code states that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). However absent a trustee taking this affirmative step, "any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor...." *See* 11 U.S.C. § 554(c). Of the debtor's duties enumerated in section 521(a)(1) of the bankruptcy Code, it includes the duty to "file ... a schedule of assets and liabilities" unless the court has order otherwise. *See* 11 U.S.C. § 521(1)(B)(I). An unscheduled asset is not abandoned by a trustee to a debtor when the case is closed. *See Morlan,* 298 F.3d at 618 (Court notes that abandonment is not possible under section 554(c) because the debtor did not list his prepetition ERISA claim in accordance with section 521(1)). Moreover, section 554(d) provides that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." *See Morlan v. Universal Guar. Life Ins. Co.,* 298 F.3d 609, 618 (7th Cir.2002). *See also Parker v.*

334

*Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir.2004); *In re Benefield*, 102 B.R. 157, 159 (Bankr.E.D.Ark.1989). Because the Personal Injury Litigation is pre-petition property of the Debtors that was never scheduled and administered by the Trustee prior to the closing of Debtors' case, it remained property of the estate and never reverted back to the Debtors. *See Parker*, 365 F.3d at 1272 ("Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.") Additionally, this court never issued an order dictating that the asset was abandoned. The Personal Injury Litigation was never abandoned by the Trustee and remains property of the estate that is protected by the automatic stay. *See generally Havelock v. Taxel (In re Pace)*, 159 B.R. 890, 899–900 (9th Cir. BAP 1993); *Lopez v. Specialty Restaurants Corporation (In re Lopez)*, 283 B.R. 22, 31–33 (9th Cir. BAP 2002)(BJ, Klein, concurring opinion)

■ It is well established in case law that acts taken in violation of the automatic stay imposed under section 362(a) of the Bankruptcy Code are deemed void *ab initio* and lack effect. *See Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir.2001)("Actions taken in violation of an automatic stay ordinarily are void."); *York Ctr. Park Dist. v. Krilich*, 40 F.3d 205, 207 (7th Cir.1994)(judgment issued against debtors without a modification of the automatic stay must be vacated); *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir.1984)(orders issued in violation of automatic stay provisions of Bankruptcy Code ordinarily are void); *In re Benalcazar*, 283 B.R. 514, (Bankr.N.D.Ill.2002)(same); *Garcia v. Phoenix Bond & Indem. Co. (In re Garcia)*, 109 B.R. 335, 340 (N.D.Ill.1989)

("[T]he fundamental importance of the automatic stay to the purposes sought to be accomplished by the Bankruptcy Code requires that acts in violation of the automatic stay be void, rather than voidable. Concluding that acts in violation of the automatic stay were merely voidable would have the effect of encouraging disrespect for the stay by increasing the possibility that violators of the automatic stay may profit from their disregard of the law, provided it goes undiscovered for a sufficient period of time."). *See also Hood v. Hall*, 321 Ill.App.3d 452, 254 Ill.Dec. 470, 747 N.E.2d 510, 512 (2001)("There is no question that judgments entered in violation of the automatic stay in bankruptcy are void ab initio ... and that void judgments may be attacked at any time."); *Concrete Prod., Inc. v. Centex Homes*, 308 Ill.App.3d 957, 242 Ill.Dec. 523, 721 N.E.2d 802, 804 (1999)("[A]cts in violation of the section 362(a) automatic stay are void *ab initio*.")

■ The June 20, 2007 state court order dismissing the Personal Injury Litigation with prejudice is void *ab initio*. By statute, the Personal Injury Litigation is *still* property of the Debtors' bankruptcy estate and is subject to the protections afforded by the automatic stay. The Defendants' action violated section 362(a)(3) of the Bankruptcy Code.

### Contempt

The Trustee requests a finding from the court that the Defendants willfully violated section 362(a)(3) of the Code and should be held in contempt. While the Trustee additionally cites Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure for support, he stopped short of relying on section 362(k) of the Code.[7] Rule 9020,

7. Section 362(k) states:

(k)(1) Except as provided in paragraph (2), an *individual* injured by any willful viola-

titled Contempt Proceedings, states that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Rule 9014 generally outlines how contested matters are to be initiated and conducted in court.

█ Although not cited by the Trustee, a trustee may be entitled to recover for an automatic stay violation under section 105(a). *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189–1190 (9th Cir. 2003)("[T]he Trustee may be entitled to recovery for violation of the automatic stay 'under section 105(a) as a sanction for ordinary civil contempt' "); *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir.1996)("If the automatic stay provision is violated, courts generally award damages under the separate statutory contempt power of § 105."); *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 186–87 (2d Cir.1990)("For other debtors [who are not natural persons], contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay.") But *see Henkel v. Lickman (In re Lickman)*, 297 B.R. 162, 195 (Bankr.M.D.Fla.2003)("Section 105(a), on the other hand, provides no authority for the imposition of punitive damages for violations of the automatic stay.") Section 105(a) states that:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

█ The law in this circuit is clear that a debtor is judicially estopped from *personally* pursuing an undisclosed cause of action. *See e.g., Biesek v. Soo Line R.R. Co.*, 440 F.3d 410 (7th Cir.2006); *Cannon–Stokes*, 453 F.3d 446. Technically, the asset does not belong to the debtor; it still remains in the hands of the estate and is subject to administration by an appointed trustee for the benefit of creditors. In order for the state court's order of dismissal to have *any* effect, the Defendants would have to ask the bankruptcy court to annul the automatic stay. *See generally Benalcazar*, 283 B.R. at 521–522 (Orders entered in violation of the automatic stay may be validated by the bankruptcy court through retroactive annulment of the stay.) That has not happened in this instance. Neither did the Defendants move for relief from the automatic stay prior to taking action in state court against proper-

tion of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C. § 362(k) (emphasis added). The threshold for relief under section 362(k) for any willful violation of the stay is that the injured party is an "individual." There is a

split in authority over whether a trustee is an individual for purposes of section 362(k). *Compare Sosne v. Reinert & Duree, P.C. (Just Brakes Corporate Systems, Inc.)*, 108 F.3d 881 (8th Cir.1997)(trustee not an "individual"); *Havelock v. Taxel (In re Pace)*, 67 F.3d 187 (9th Cir.1995)(trustee is not an "individual") & *Martino v. First National Bank in Harvey (In re Garofalo's Finer Foods, Inc.)*, 186 B.R. 414 (N.D.Ill.1995)(trustee is an "individual"). The court is hesitant to add its voice to the discussion; especially since the Trustee elected not to specifically cite section 364(k) as the basis for his request for an order of contempt.

ty that is still under the protection of the bankruptcy laws. Defendants' pursuit of a motion to dismiss the Personal Injury Litigation based on the Debtor's failure to list it does not negate the fact that they violated the automatic stay. The mere fact that an argument can be made that a debtor is judicially estopped from pursuing litigation because it was not disclosed in the bankruptcy automatically establishes that (1) the debtor lacks control over the asset; (2) the asset was never abandoned by the trustee; (3) the asset is *still* property of the bankruptcy estate; and (4) any action against the asset without proper relief from a bankruptcy court—whether the bankruptcy case is open or closed—violates the automatic stay. However, based on the present record, the circumstances of this case do not warrant an order of contempt or an award of damages.

This is highlighted by the fact that although the Defendants may have known on October 23, 2006 that Debtor Enyedi had filed a bankruptcy case and that the Trustee had filed a No Asset Report on October 26, 2006, the fact remains that neither the Debtors, the Debtors' bankruptcy counsel nor the Trustee provided either the Defendants or their counsel with notice that the bankruptcy case was being re-opened for the purpose of listing and administering the Personal Injury cause of action. Additionally, Attorney Spearman, the Debtor's state court attorney, was hired by the Trustee as special counsel to represent the estate's interest in the litigation as of June 12, 2007—eight days before the state court order of dismissal was entered. As counsel for both the Debtor, and later the bankruptcy estate, it seems likely that Attorney Spearman would have had some knowledge that there was a motion to dismiss pending in state court *before* the state court order dismissing the case was entered. If so, Defendants should not be penalized for a lack of com-

munication between an Attorney and her client, which in this instance is the Trustee. *See e.g., Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)("[C]lients must be held accountable for the acts and omissions of their attorneys"); *Easley v. Kirmsee,* 382 F.3d 693, 699–700 (7th Cir.2004)(same) *United States v. 7108 West Grand Ave., Chicago, Ill.,* 15 F.3d 632, 634 (7th Cir.1994)("The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds.")