**In re Don Allen KOPP, Jr., Debtor.**

**No. 04–23171.**

United States Bankruptcy Court,
D. Kansas.

Aug. 31, 2007.

Todd A Luckman, Stumbo Hanson, LLP, Wesley F. Smith, Topeka, KS, William P. Turner, Overland Park, KS, for Debtor.

## ORDER REGARDING OBJECTION TO CLAIM OF DANA RUTH DOLLINS (CLAIM # 1) AND TRUSTEE'S MOTION TO RECONSIDER ORDER STRIKING SUPPLEMENTAL RESPONSE

ROBERT D. BERGER, Bankruptcy Judge.

Debtor objects to the allowance of Dana Ruth Dollins' proof of claim (Claim No. 1)

because Ms. Dollins dismissed a state court action post-discharge and after the statute of limitations had run, thereby, according to Debtor, making her claim unenforceable under 11 U.S.C. § 502(b)(1).[1] This matter constitutes a core proceeding over which this Court has jurisdiction.[2] The parties submitted the issues based on stipulated facts. The Court finds Ms. Dollins' claim is an allowed unsecured claim as of the petition date in an unliquidated amount.

### Findings of Fact

Dana Dollins is the Debtor's ex-wife. Following a 1997 physical attack on Dollins, Debtor plead guilty to the attack and was sentenced to four years in prison. In 1998, before going to prison, Debtor transferred various real properties to his mother, Connie Dille, for little or no consideration. Ms. Dille subsequently transferred the properties to the Dille Trust. On July 3, 2001, Ms. Dollins filed a timely petition for damages against Debtor, Connie Dille, the Dille Trust, Don Kopp Interiors, Inc., and Dille Properties, Inc., in Missouri state court. In addition to counts for assault, battery, false imprisonment, and intentional infliction of emotional distress, the petition included a count for fraudulent transfers of property. The lawsuit was pending when Debtor filed for bankruptcy relief.

Debtor filed his Chapter 7 petition on July 28, 2004. Christopher J. Redmond is the duly appointed Trustee. Debtor did not list the petition to avoid fraudulent transfers as an estate asset. Instead, Debtor listed the state court action as a "Petition for Damages" in his Statement of Financial Affairs response to the question about lawsuits to which the debtor was a

---

1. Doc. No. 50.

2. 28 U.S.C. § 157(b)(2)(B); 28 U.S.C. § 1334.

party within one year prior to the bankruptcy filing. The parties do not dispute the Trustee did not know a count to avoid fraudulent transfers was part of the state court action. However, the parties do disagree whether the Trustee diligently investigated the state court lawsuit and whether the Trustee should have discovered the cause of action sooner. Debtor scheduled Ms. Dollins as an unsecured creditor with an unknown claim amount on his Schedule F. The claim was not listed as contingent, unliquidated, or disputed.

On November 23, 2004, the Trustee filed a Report of No Distribution and Intended Abandonment. Debtor received his discharge on December 15, 2004, and the case was closed. After an exchange of correspondence between Debtor's counsel and Ms. Dollins' counsel, Ms. Dollins voluntarily dismissed the state court action without prejudice in September 2005. The Trustee was not included in the correspondence leading to dismissal of the state court action.

On November 29, 2005, the Trustee moved to reopen the case, having discovered Ms. Dollins' claim to avoid fraudulent transfers. The Court granted the Trustee's motion on February 24, 2006, over the Debtor's objections. The Court set June 12, 2006, as the proof of claim bar date. Dollins timely filed a proof of claim. Debtor objected to Dollins' claim, alleging that because Dollins had dismissed the state court action, and because the statute of limitations for avoiding fraudulent

transfers had since expired, she retroactively lost her claim under 11 U.S.C. § 502(b)(1). Debtor argues the claim is no longer allowable because it is no longer enforceable as being time-barred.

### Procedural Posture

On November 15, 2006, the Court ruled Debtor was a party in interest with standing to object to Dollins' claim. On February 26, 2007, the Trustee filed out of time a supplemental response to Debtor's claim objection. The Debtor moved without objection to strike the supplemental response, and an unopposed order was entered on April 17, 2007.[3] The Trustee, having improperly calendared his response time, filed a motion to reconsider the order striking the supplemental response. The Debtor objected.[4] The Court grants the Trustee's motion to reconsider based on the Court's disfavor of striking pleadings. However, the Court did not consider the Trustee's supplemental response in reaching its substantive ruling which follows.

### Discussion

#### A. Burden of Proof

 A proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.[5] The debtor must then come forward with evidence supporting his objection.[6] The claimant bears the ultimate burden of persuasion regarding the value of its claim by a preponderance of the evidence.[7]

The party seeking to demonstrate abandonment bears the burden of persuasion.[8]

---

3. Doc. Nos. 58, 62, and 64.

4. Doc. Nos. 65 and 73.

5. Fed. R. Bankr.P. 3001(f).

6. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d .13 (2000).

7. *In re Harrison*, 987 F.2d 677 (10th Cir. 1993).

8. *Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3rd Cir.1974).

## B. Conclusions of Law

 Upon the commencement of a bankruptcy case, the trustee is vested with the exclusive right to pursue and recover fraudulently conveyed assets to the exclusion of all other creditors.[9] Section 544(b) states: "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502. . . ." To invoke § 544(b), the trustee must have an existing unsecured creditor who, *on the date of the bankruptcy,* is in a position to avoid a transfer of the debtor's property.[10] The petition date generally fixes the rights of the estate and other parties in interest.[11] A claim allowed under § 502(b) is determined as of the petition date. If the trustee identifies a creditor with an allowable unsecured claim as of the petition date, the trustee takes over the creditor's avoidance claim for the benefit of all creditors.[12] Post-petition events between the debtor, creditor, and transferee do not defeat the avoidance rights vested in the trustee as of the petition date.[13] Property of the estate includes all causes of action which could be prosecuted for the benefit of the estate.[14] Property recov-

ered under § 544(b) inures to the benefit of the estate. In a liquidating case, only the trustee has standing to prosecute or defend a claim belonging to the estate.[15] The creditors do not regain the right to sue unless the trustee abandons the claim.

 In order to abandon property, the trustee must know it exists. Section 521(a)(4) requires the debtor to surrender all property of the estate to the trustee. Surrendering property includes delivering any recorded information, including documents and papers relating to property of the estate, to the trustee.[16] The debtor has a duty to voluntarily comply with the obligation to list and turn over all information about estate property. In order to obtain the fresh start, the debtor must be forthcoming about his assets.[17] The trustee is required to collect and liquidate property of the estate subject to administration.[18]

 Section 554 states the trustee may affirmatively abandon property of the estate with notice and hearing. Absent an affirmative step by the trustee to abandon specified property, any property scheduled by the debtor and not otherwise administered before case closing is technically abandoned to the debtor.[19] An unscheduled asset is not abandoned by the trustee when the case closes.[20] Property not

---

9. *In re Integrated Agri, Inc.,* 313 B.R. 419, 427 (Bankr.C.D.Ill.2004); *In re Tessmer,* 329 B.R. 776, 779 (Bankr.M.D.Ga.2005).

10. *Panama Williams, Inc. v. Parr (In re Panama Williams, Inc.),* 211 B.R. 868, 871–72 (Bankr.S.D.Tex.1997); *In re Sheffield Steel Corp.,* 320 B.R. 423, 446 (Bankr.N.D.Okla. 2004).

11. *In re DLC, Ltd.,* 295 B.R. 593, 605 (8th Cir.BAP2003).

12. *Id.*

13. *Id.* (post-petition satisfaction of creditors' claims did not defeat trustee's right to avoid fraudulent transfers as of the petition date).

14. *In re Enyedi,* 371 B.R. 327 (Bankr.N.D.Ill. 2007).

15. *Id.*

16. 11 U.S.C. § 521(a)(4).

17. *In re Succa,* 125 B.R. 168, 174 (Bankr. W.D.Tex.1991); *In re Mahan,* 104 B.R. 300, 302 (Bankr.E.D.Cal.1989).

18. 11 U.S.C. § 704(a)(1).

19. 11 U.S.C. § 554(c).

20. *Enyedi,* 371 B.R. at 333.

abandoned under § 554 and unscheduled property not administered remains property of the estate.[21]

The need for finality of closed cases must be balanced against the need for full administration of estate assets.[22] Once a case is reopened, any technical abandonment which may have occurred when the case was originally closed may be revoked by court order.[23] Reopening the case and revoking technical abandonment restores the status quo of the original case prior to closing. The trustee may resume his right to administer all property that was in the estate prior to the initial closure.[24]

In this case, on the petition date, Dollins held an unsecured claim allowable under § 502 and held a viable claim to avoid the transfers at issue. On the petition date, the trustee could have brought an avoidance action under § 544. Debtor's argument rewrites history and erases Dollins' claim based on the subsequent dismissal of her lawsuit. However, pursuant to §§ 521 and 544, Dollins' claim to avoid fraudulent transfers could not be dispensed with absent the Trustee's involvement because the right to recover fraudulently transferred property vested in the Trustee as of the petition date; any property recovered inures to the benefit of all creditors, not just Dollins. As estate property not abandoned nor administered, the state court lawsuit remained protected by the automatic stay even after the case was closed.[25] Dollins' dismissal of the state court lawsuit is void *ab initio*.[26] Accord-

ingly, Debtor's argument that Dollins retroactively made her claim unenforceable as of the petition date is rejected.

Debtor's argument also glosses over his own lack of candor. Debtor did not schedule the property in question. Debtor argues the Trustee could have discovered the true nature of the lawsuit identified as "Petition for Damages"; however, Debtor cannot claim he fully disclosed. The parties do not dispute that while the Trustee knew about Dollins' tort claims as a possible liability against the Debtor, the Trustee did not know the lawsuit contained a possible asset in the count to avoid fraudulent transfers. The Debtor violated his statutory duty under § 521(a)(4) to deliver the pleadings to the Trustee. The facts of this case are not similar to cases where the trustee knew about the cause of action and chose not to pursue it. The facts of this case describe a debtor who made little or no disclosure and then sat tight, hoping the trustee would fail to ask the right questions. The Code does not deprive creditors the right to share in the debtor's property merely because the trustee fails to find the property or fails to take possession of it for the creditors. Section 554 removes property from the estate only after an informed decision by the trustee.[27] Debtor fails to demonstrate the Trustee either knowingly or intentionally abandoned the state court lawsuit. Debtor relies solely on technical abandonment based on the closing of the case. However, unscheduled assets are not abandoned. Further, when the Court reopened the case,

---

**21.** 11 U.S.C. § 554(d).

**22.** *In re Mullendore,* 741 F.2d 306, 308 (10th Cir.1984); *In re Woods,* 173 F.3d 770, 781 (10th Cir.1999).

**23.** *Id.* at 778.

**24.** *Id.*

**25.** *Enyedi,* 371 B.R. at 334.

**26.** *Id.* (state court order dismissing lawsuit was void because it violated the automatic stay).

**27.** *In re Harris,* 32 B.R. 125, 127–28 (Bankr. S.D.Fla.1983); *In re Fossey,* 119 B.R. 268, 270 (D.Utah 1990); *In re Hill,* 195 B.R. 147, 150–51 (Bankr.D.N.M.1996).

the Court specifically set aside the Trustee's § 554(c) abandonment of any listed property.[28] Thus, any technical abandonment has been undone. The Trustee's substantive and procedural rights to administer the assets were revived when the Court reopened the case and set aside the notice of abandonment. The Trustee may step into Dollins' shoes as of the petition date and proceed with her claim to avoid the allegedly fraudulent transfers under 11 U.S.C. § 544 for the benefit of the estate. The unauthorized post-petition dismissal of the state court lawsuit does not affect the status of Dollins' claim as it existed on the petition date. The parties are returned to their positions prior to the initial closing.

## C. Conclusion

For the foregoing reasons, Debtor's Objection to Claim No. 1 filed by Dana Dollins is DENIED.

The Trustee's Motion to Reconsider Order Striking Supplemental Response to Objection to Proof of Claim is GRANTED.

IT IS SO ORDERED.

---

**28.** Doc. No. 23 ("It is further ordered that the Trustee's Report of No Distribution and Notice of Intended Abandonment is set aside.").